STATE EX REL. NEBRASKA STATE BAR ASSOCIATION, RELATOR, V. OSCAR E. NELSON, RESPONDENT.

22 N. W. 2d 425

FILED APRIL 10, 1946. No. 31802.

*Walter R. Johnson, Attorney General,* and *John H. Comstock,* for relator.

*Oscar E. Nelson,* pro se, for respondent.

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ.

CARTER, J.

This is an action wherein the state of Nebraska on the relation of the Nebraska State Bar Association seeks dis-

ciplinary action against Oscar E. Nelson, a member of the bar of this state. The matter is before us on the motion of the Attorney General for judgment on the report of the referee, Paul L. Martin, to whom the case was referred for the purpose of making findings of fact and conclusions of law applicable thereto. The referee found the respondent guilty of unprofessional conduct as charged in the complaint and recommended that he be suspended from the practice of law for a period of six months.

The record shows that the respondent was employed by the city of Minatare to foreclose the tax-sale certificates upon certain 'real property within such city upon which taxes had not been paid for many years. In carrying out the terms of his employment, respondent commenced the six tax-foreclosure actions in the district court for Scotts Bluff County over a period of years from October 26, 1937, to September 2, 1942. While so representing the city of Minatare, the relator alleges and the respondent admits that he filed voluntary appearances for numerous defendants, as attorney for such defendants, and thereafter caused default decrees to be entered against the said defendants and the property involved in said actions, which was sold under the decrees thus taken.

The record shows that in a few instances the respondent had obtained authority to file general appearances; in many cases he assumed authority from casual conversations and correspondence, without a reasonable basis for so doing; and in many other instances he entered general appearances for parties to the action without any authority at all.

It is a fundamental principle of legal ethics that a lawyer may not represent adverse parties with conflicting interests except by express consent of all concerned, given after a full disclosure of the facts. Canon 6, Canons of Professional Ethics. The filing of appearances, without the authority of the persons for whom he purports to appear, and the taking of default judgments on the strength of such appearances, operates as a fraud upon the court and

the parties thus shown to have made appearances. Such conduct is very reprehensible on the part of a lawyer and requires the infliction of disciplinary penalties by this court.

The record shows without contradiction that respondent has been engaged in the practice of law at Minatare, Nebraska, since 1920; that his conduct and standing in his profession and in his community have been good until the incidents recited in this record took place; that he frankly admitted the facts and the impropriety of his acts, and informed the referee that he regretted the misconduct on his part. The record does not show that anyone suffered financial loss because of respondent's action, or that he himself profited by it.

While such conduct on the part of a lawyer cannot be tolerated and disciplinary action is required, we agree with the finding of the referee that disciplinary action short of disbarment is warranted under the circumstances. The judgment of the court is that the respondent be suspended from the practice of law for a period of six months and until the costs of the action are paid, which costs are hereby taxed against him.

JUDGMENT OF SUSPENSION.