**In the Interest of G.Y.
and C.L., Children.**

**S.L., Mother, Appellant,**

v.

**STATE of Iowa; Leslie D. Lamping,
Guardian Ad Litem for the Children;
and G.B., Father of G.Y., Appellees.**

**No. 90–1814.**

Supreme Court of Iowa.

June 17, 1992.

John E. Meyer, Independence, for appellant.

Bonnie J. Campbell, Atty. Gen., John M. Parmeter, Sp. Asst. Atty. Gen., and Kathrine S. Miller–Todd, Asst. Atty. Gen., for appellee State.

D. Bradley Kiesey, Washington, for father.

Leslie D. Lamping of Day & Meeker, Washington, guardian ad litem for the children.

Considered by McGIVERIN, C.J., and HARRIS, LARSON, SCHULTZ and CARTER, JJ.

HARRIS, Justice.

█ We granted further review of a court of appeals decision in this juvenile proceeding in order to consider a question of statutory interpretation. Was the trial court required to appoint counsel to a child involved in a child in need of assistance (CINA) proceeding when a guardian ad litem already had been appointed? We think, under the facts here, the answer is no. We find no merit in the mother's claim that there is insufficient evidence to support the CINA determination. On the basis of convincing evidence of sexual abuse, we summarily reject that challenge.

Guilty pleas were entered to child endangerment in violation of Iowa Code sections 726.6(1)(b), 726.6(3) and 702.5 (1989). Because these children were implicated as victims, the pleas precipitated the filing of a CINA petition. A guardian ad litem was appointed for the children pursuant to Iowa Code section 232.89(2). That section provides in part:

> Upon the filing of a petition, the court *shall* appoint counsel *and* a guardian ad litem for the child identified in the petition as a party to the proceedings.

(Emphasis added.)

The trial court refused a request of the children's mother (who was one of those who pled guilty to child endangerment) to also appoint legal counsel for the children. The trial court thought this was unnecessary under the circumstances and not required in view of Iowa Code section 232.-89(4)[1] which provides:

> The same person may serve both as the child's counsel and as guardian ad litem. However, the court may appoint a separate guardian ad litem, if the same person cannot properly represent the legal interests of the child as legal counsel and also represent the best interest of the child as guardian ad litem.

Because it thought it to be a statutory requirement, the court of appeals (ruling two to one) reversed the CINA finding on the basis of the trial court's failure to appoint counsel for the children in addition to appointing the guardian ad litem.

We think the trial court's determination was correct. Section 232.89(2), the more general subsection, might seem at first blush to require the appointment of both guardian ad litem and counsel. But it must be read together and in harmony with subsection 232.89(4), the more special provision. *See* Iowa Code § 4.7 (statutes "construed, if possible, so that effect is given to both").

We had occasion to discuss the need for independent counsel in juvenile proceedings in *In re J.P.B.*, 419 N.W.2d 387 (Iowa 1988). We explained that we do not demand separate counsel for each juvenile interest. *Id.* at 392 (where child's wishes conflict with counsel's view of child's best interest, court must be informed, but separate counsel not required).

Section 232.89(4) seems a practical legislative recognition of fiscal necessity. Because justice by no means requires duplicitous arguments, it would be wholly unnecessary, and an obvious waste of the public treasury, to fund them.

As we mentioned in *J.P.B.*, it is required that the court be alerted to any potential conflicts perceived by counsel or the guardian ad litem. When conflicts threaten, so that separate counsel become appropriate, the court can appoint them. To appoint separate counsel in addition to this guardian ad litem, under the facts here, would have been pro forma. The refusal to make the appointment was not error.

■ The mother also contends that, when the appointment of counsel is appropriate, a formal order of appointment is necessary. The argument is that services of counsel cannot be considered furnished in the absence of an order of appointment, even where a lawyer serving as guardian ad litem actually provides legal representation and participates at trial. This was the situation in the case here; the guardian ad litem did participate actively as counsel in trial although not formally appointed as attorney.

We think the absence of a formal order of appointment does not constitute reversible error. It would perhaps be a better practice for formal appointments to be documented by order when the same counsel is to serve as both guardian ad litem and counsel pursuant to Iowa Code section 232.-89(4). But the proceedings are not rendered deficient by the absence of a formal order.

■ What we have said regarding duplicitous services in district court applies as well on appeal. We do not expect argu-

---

**1.** This section, in ways not material here, was later amended. *See* 1990 Iowa Acts ch. 1271, § 1507.

ments, or even briefs, by a guardian ad litem in a routine appeal. When a guardian ad litem takes a position identical with one of the other litigants, the filing of a simple, typewritten document acknowledging that fact will be sufficient and ample. The appellate courts can justify the cost to the taxpayers of separate briefs and arguments only when it would cast a different light on the issues on appeal.

DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT AFFIRMED.