*In re* SHAFFER

Docket No. 174981. Submitted April 18, 1995, at Grand Rapids.
      Decided September 15, 1995, at 9:20 A.M.

   The Department of Social Services filed in the Cass County
      Probate Court a petition alleging that Jacqueline Shaffer
      abused and neglected her daughter and son, both minors. The
      court, Stewart F. Meek, Jr., J., appointed attorney Susan
      Dobrich as the children's guardian ad litem, rejected an appear-
      ance filed by The Children's Law Center as the children's
      attorney, and made the children temporary wards of the court
      but left them in the custody of the respondent. Upon an
      application by The Children's Law Center for emergency leave
      to appeal, the Cass Circuit Court, William C. Buhl, J., deter-
      mined that MCL 712A.17c(7); MSA 27.3178(598.17c)(7) and
      MCR 5.915(B)(2) required the appointment of an attorney for
      the children and that one person could not serve as both
      guardian ad litem and attorney for the children. The circuit
      court remanded the case to the probate court for appointment
      of an attorney. The respondent appealed by leave granted.

   The Court of Appeals *held:*

   1. MCL 712A.17c(7); MSA 27.3178(598.17c)(7) and MCR
      5.915(B)(2) require the appointment of an attorney to represent
      children in protective proceedings brought under the Juveniles
      and Juvenile Division Chapter of the Probate Code, MCL
      712A.1 *et seq.;* MSA 27.3178(598.1) *et seq.,* and Subchapter
      5.900 of the Michigan Court Rules. While one person can act as
      guardian ad litem and attorney for a child in an appropriate
      case, in this case the children were not afforded the zealous
      advocacy of an attorney, given the confusion over Dobrich's
      role, her acquiescence to the attempted appearance by The
      Children's Law Center, and her admission that she lacked the
      resources to pursue an independent investigation.

   2. Although the circuit court appointed The Children's Law
      Center as counsel for the children for purposes of appeal, the

REFERENCES

Am Jur 2d, Infants §§ 30, 192.
See ALR Index under Attorney or Assistance of Attorney; Custody
   and Suppport of Children; Guardian Ad Litem.

attempted appearance in the probate court was unauthorized and constituted misconduct under MRPC 8.4(b). In future cases, The Children's Law Center should file a petition for appointment as legal counsel.

3. On remand, an attorney must be appointed for the children without regard to the interests of the foster parents, who lack standing to seek custody of the children.

Affirmed.

PARENT AND CHILD — CHILD PROTECTIVE PROCEEDINGS — ATTORNEYS FOR CHILDREN.

A probate court in child protective proceedings brought under the Juveniles and Juvenile Division Chapter of the Probate Code and Subchapter 5.900 of the Michigan Court Rules must appoint an attorney to represent the child; one lawyer may be appointed as both guardian ad litem and attorney for the child (MCL 712A.17c[7]; MSA 27.3178[598.17c][7]; MCR 5.915[B][2]).

*Magyar & Swisher, P.C.* (by *John F. Magyar*), for Jacqueline Shaffer.

The Children's Law Center (by *Nannette M. Bowler*) and *Lance R. Jones,* for Brittany and Joseph Shaffer.

Before: SAAD, P.J., and GRIFFIN and H. F. TENNEN,* JJ.

PER CURIAM. Respondent Jacqueline Shaffer appeals by leave granted from an order of the circuit court that reversed a decision of the probate court, which had returned respondent's minor children, Brittany Shaffer (born November 6, 1988) and Joseph Shaffer (born July 13, 1990) to her custody. We affirm.

This matter was initiated by the Department of Social Services pursuant to MCL 712A.2; MSA 27.3178(598.2) upon allegations of abuse and neglect by respondent mother. The original petition by the DSS sought temporary custody of the minors.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

The central issue in this case concerns whether an attorney was properly appointed to represent the minor children in accordance with MCL 712A.17c(7); MSA 27.3178(598.17c)(7) and MCR 5.915(B)(2). Following a preliminary hearing, the probate court referee entered an order stating that "attorney Susan Dobrich is hereby appointed as Guardian ad Litem during the pendency of this matter." No other attorney was appointed to represent the children.

The Children's Law Center attempted to enter its appearance on behalf of the minor children at a review hearing held on February 14, 1994. The Children's Law Center argued that an attorney had not been appointed to represent the children as required by statute and that appointing Dobrich as guardian ad litem did not fulfill that statutory requirement. The probate court rejected the appearance of The Children's Law Center, finding that Dobrich had been appointed as the children's attorney, that they had been represented by Dobrich at every stage of the proceedings, and that Dobrich was a "very active advocate" on behalf of the children. The probate court refused to discharge Dobrich and replace her with The Children's Law Center. The probate court then conducted the review hearing and continued the children as temporary wards of the court, but changed their placement from foster care to respondent, subject to additional conditions. On February 28, 1994, the children were returned to respondent's custody.

On March 7, 1994, The Children's Law Center filed an application for emergency leave to appeal in the circuit court. On March 14, 1994, the circuit court entered an ex-parte order to stay proceedings in the probate court pending appeal, return the

children to foster care, and order new medical and psychological examinations.

On March 18, 1994, the DSS filed an emergency motion for stay of the March 14, 1994, order, and for immediate reconsideration, requesting that the court vacate its ex-parte order to return the children to foster care.

On March 22, 1994 the circuit court granted the application for emergency leave to appeal, ordered that The Children's Law Center had standing on behalf of the minor children to prosecute the appeal, set aside its March 14, 1994, ex-parte order, and scheduled for hearing the issue whether an attorney had been appointed for the children under MCL 712A.17c(7); MSA 27.3178(598.17c)(7) and MCR 5.915(B)(2).

On April 11, 1994, the circuit court conducted a hearing on the appeal and found that the probate court's appointment of Dobrich as guardian ad litem did not comport with the statutory requirement of appointing an attorney to represent the children. The court agreed with petitioner that the general practice in the locality was to appoint guardians ad litem who were also attorneys. However, the circuit court found that that practice did not comply with the statutory requirement or the court rule. The court framed the issue presented as whether Dobrich could perform roles of both guardian ad litem and attorney and concluded that it presented a situation so fraught with potential problems that it required reversal and remand to the probate court for the appointment of an attorney. A conforming order was entered on April 13, 1994, from which respondent sought leave to appeal. This Court granted respondent's application for leave to appeal from the decision of the circuit court on June 30, 1994.

After careful consideration, we agree with the

result of the circuit court's order, but for a different reason. While we agree with the decision to remand for the purpose of appointing an attorney for the children, we disagree with the trial court's conclusion that one person can never serve in the dual capacities of an attorney and guardian ad litem for a minor child. In the absence of a particular conflict of interest, there is no legal impediment to appointing one person to serve these two important functions. However, while we might permit such a dual role in some other case, we are satisfied on the record of this case that the children were not afforded the zealous advocacy of an attorney as contemplated by MCL 712A.17c(7); MSA 27.3178(598.17c)(7) and MCR 5.915(B)(2).

There is no dispute that MCL 712A.17c(7); MSA 27.3178(598.17c)(7) and MCR 5.915(B)(2) *require* the appointment of an attorney to represent the children in protective proceedings brought under the Juveniles and Juvenile Division Chapter of the Probate Code, MCL 712A.1 *et seq.*; MSA 27.3178(598.1) *et seq.*, and Subchapter 5.900 of the Michigan Court Rules. Cf. *In re Hill,* 206 Mich App 689, 691; 522 NW2d 914 (1994). Conversely, MCR 5.916(A) *permits* the appointment of a guardian ad litem for the children "if the court finds that the welfare of the party requires it."

The appointment of an attorney for the children is a relatively new requirement; traditionally, courts have appointed guardians ad litem to represent the children. The staff comments pertaining to these court rules recognize these differing roles but note that the attorney may serve the function traditionally assigned to the guardian:

> The relative importance of the guardian ad litem may have diminished since the child protective law was enacted, requiring that the child be

represented by an attorney. Presumably the attorney can serve the function traditionally assigned to the guardian, which is "to promote and protect the interests of a child involved in a judicial proceeding through assuring representation of those interests in the courts and throughout the social service and ancillary service systems." [2 Court Rules of Michigan Annotated (ICLE, 2d ed), pp 5-101—5-102 (citations omitted).]

Although the child protective laws now require appointment of an attorney, it appears that courts are slow to change their vocabularies, and many still refer to the attorney for the child as the guardian ad litem:

Attorneys appointed to represent children under MCR 5.915(B)(2) are often referred to as guardian ad litem, but the court rules specifically differentiate those two roles, allowing for the possibility that the child will have both an attorney and a guardian ad litem. [2 Curtis, Bassett & Collins, Michigan Family Law (ICLE, 4th ed), § 20.11, p 20-13.]

The position taken by respondent, and adopted by the probate court, is that the appointment of Dobrich as guardian ad litem is simply a matter of semantics. The probate court concluded that Dobrich had adequately represented the children—as an attorney—throughout the proceedings. The circuit court took the opposite view, that an attorney had never formally been appointed to represent the children and that a dual role would be fraught with conflicts of interest.

While we hold that a person can act as guardian ad litem and attorney for the children simultaneously in an appropriate case, we find that the children were not afforded the zealous advocacy of an attorney in this particular case. Importantly,

the parties acknowledge that there has been confusion over Dobrich's role. In an affidavit submitted to the circuit court, Dobrich repeatedly referred to herself as the children's guardian ad litem, not their attorney. In that affidavit, she explained that she did not object to the appearance of The Children's Law Center during the February 14, 1994, review hearing because she did not have the resources to pursue an independent investigation. Dobrich stated during the review hearing as follows, in relevant part:

> Your Honor, I think its fair to say that Cass County Juvenile Court has usually appointed a guardian ad litem rather than attorney in fact for the children and I think that may be where some of the confusion lies. However, I am not going to object to Ms. Bowler's appearance [on behalf of The Children's Law Center] and I'll tell the Court frankly why. As a Guardian ad Litem or local attorney representing the children, I am not in the position of having the resources that they have. . . . I know that reasonable minds might differ on this particular matter, but I have always thought that there was some sufficient information brought to the Court's attention to terminate rights in this particular matter. I do not have the resources, the investigators, and other types of information that you need to present that to the Court, and because of that I would not object.

After reviewing these and other portions of the record, we are left with two possible interpretations of the proceedings below. At best, the court and parties were uncertain about Dobrich's role, resulting in a somewhat less than zealous representation of the children. At worst, the children never were appointed an attorney to represent their best interests. In any event, the proceedings in probate court have been clouded by the confu-

sion surrounding the respective roles of the guardian ad litem and attorney as contemplated by the statute and court rule.

On the record before us, which includes numerous allegations of neglect and abuse by respondent mother, we are gravely concerned that the best interests of these children were not adequately protected. The record is replete with various reports and leads that apparently were never followed up by the DSS or Dobrich. Indeed, Dobrich herself acknowledged that she did not have the resources to conduct an independent investigation. On the unusual facts of this case, where the probate court initially stated that it was appointing a guardian ad litem, where there is an acknowledgment of confusion over the appointment, and where the appointed individual refers to herself as guardian ad litem and acknowledges the limits of her resources, we cannot say that the children were afforded the zealous advocacy of an attorney as contemplated by MCL 712A.17c(7); MSA 27.3178(598.17c)(7) and MCR 5.915(B)(2).

We affirm the decision of the circuit court to reverse the decision of the probate court and remand for further proceedings. However, we disavow the implication in the circuit court's order that a person can never serve in the capacity of both guardian ad litem and attorney for the children. We hold that the same person may be able to fulfill both roles in an appropriate case.

With respect to the standing of The Children's Law Center to represent the children, we disapprove of the center's unauthorized appearance. Here, The Children's Law Center purported to be the attorney at law for the minor children at a time when it was not so. Although the circuit court subsequently appointed the center as legal

counsel for the minor children for the purpose of prosecuting the appeal, the initial appearance by the center was unauthorized. We view an unauthorized appearance to be a misrepresentation and, therefore, misconduct under Michigan Rule of Professional Conduct 8.4(b). As stated by the Iowa Supreme Court in *In re Glenn,* 256 Iowa 1233, 1241; 130 NW2d 672; 12 ALR3d 1398 (1964):

> The misconduct of an attorney who appears or files pleadings without authority is so evident as to need no citation of rules or cases; but we quote from *State ex rel Nebraska State Bar Association v Nelson,* 147 Neb 131, 132; 22 NW2d 425, 426 (1946): "The filing of appearances, without the authority of the persons for whom he purports to appear . . . operates as a fraud upon the court and the parties thus shown to have made appearances."

In future cases, we urge The Children's Law Center to file a petition for appointment as legal counsel. Only if such a petition is granted should the center purport to represent itself as an attorney at law for a minor.

On remand, we caution the lower courts to appoint an attorney to protect the interests of the children, without regard to the interests of the foster parents, who do not have standing to seek custody. Cf. *Bowie v Arder,* 441 Mich 23, 27; 490 NW2d 568 (1992); *In re Clausen,* 442 Mich 648, 681-683; 502 NW2d 649 (1993).

The decision of the circuit court is affirmed in accordance with this opinion.