DOBSON v. SECRETARY OF STATE.

1. MANDAMUS—SHOULD NOT ISSUE TO WREST STATUTE FROM TRUE PURPOSE.

Since writ of mandamus is employed to promote principles of justice, it should not issue to compel a technical compliance with the letter of the law in violation of its clear intent or spirit, nor to wrest a statute from its true purpose.

2. CORPORATIONS—STATUTES—PURPOSE OF STATUTE—TRUST COMPANIES.

The purpose of Act No. 108, Pub. Acts 1889 (2 Comp. Laws 1915, § 8044 *et seq.*), was to provide for incorporation of responsible trust companies with adequate capital actually paid in and with authority to transact lawful business.

3. MANDAMUS—TRUST COMPANIES—CORPORATIONS—ACCEPTANCE OF ARTICLES OF INCORPORATION.

Incorporators of trust company organized under Act No. 108, Pub. Acts 1889, superseded by Act No. 67, Pub. Acts 1929, failing to show that they have fulfilled all requirements under either act to commence business are not entitled to the discretionary writ of mandamus compelling the secretary of State to receive and file their articles of incorporation, since issue goes beyond mere order of steps in organization of such company and validity of State departmental practice.

WIEST, C. J., dissenting.

Mandamus by Russell T. Dobson and others to compel John S. Haggerty, secretary of State, to receive and file articles of incorporation of a trust company. Submitted July 10, 1929. (Calendar No. 34,286.) Writ denied January 24, 1930.

*Carl A. Lehman,* for plaintiffs.

*Wilber M. Brucker,* Attorney General, *Kit F. Clardy,* Assistant Attorney General (*Alice E. Alexander,* of counsel), for defendant.

WIEST, J. (*dissenting*). Plaintiffs herein executed articles of incorporation of a trust company under the provisions of Act No. 108, Pub. Acts 1889 (2 Comp. Laws 1915, § 8044 *et seq.*), and January 23, 1929, sent the same to the secretary of State for filing. The secretary of State rejected the articles because the same had not been approved by the commissioner of the State banking department. Plaintiffs seek our writ of mandamus, directing the secretary of State to receive and file the articles.

The plaintiffs fully complied with the law then in force unless they were required to present to the secretary of State the approval of the commissioner of the banking department authorizing a corporation to commence its trust business. The statute then in force (2 Comp. Laws 1915, § 8045) regulated the minimum and maximum of the capital stock, and provided:

"When fifty per cent. of the capital stock named in the articles of association shall have been paid in, in cash, and an affidavit to that effect is duly sworn to by the president or secretary of the corporation, and filed with the commissioner of the banking department of this State, the said commissioner shall, by proper certificate, authorize such association to commence business under this act."

The secretary of State held that the issue of such certificate must precede filing of the articles in his office. The plaintiffs contend that, upon proper execution of the articles, the secretary of State is bound to accept and file the same as a ministerial act, upon receipt of the statutory fee, and, while the filing perfects the incorporation, the corporation cannot commence business until granted the certificate by the commissioner of the banking department.

Since the issue was framed herein the legislature, by Act No. 67, Pub. Acts 1929, repealed Act No. 108, Pub. Acts 1889, but with a saving clause, somewhat uncertain in scope, and enacted a new law which expressly provides that, in the first instance, application to organize a trust company must be made to the commissioner of the banking department and receive his approval.

The attorney general contends that practical construction of the old act has always required approval by the commissioner of the banking department before filing of the articles in the office of the secretary of State, and claims such is the true meaning of the old act, at least by implication or adjustment of its provisions in accord with the rule adopted in *Peninsular Power Co.* v. *Secretary of State,* 169 Mich. 595.

Counsel for plaintiffs admits that, under Act No. 108, Pub. Acts 1889, before a corporation can commence business, it must procure the certificate of the commissioner of the banking department, but claims that the secretary of State, as a filing officer and the keeper of records, cannot impose the condition exacted in this instance, for such is left to another department and filing officer by the statute and not made a condition precedent to corporate organization, but only a *sine qua non* to the commencement of a trust business by the corporation. The new act governs no issue of law here presented; neither does it render plaintiffs' effort futile. If plaintiffs complied with the law then in force they may have our writ in the premises.

The right to have the articles of association filed in the office of the secretary of State was not, by the old statute, made contingent upon any action by the commissioner of the banking department. 2 Comp. Laws 1915, § 8047. Administrative practice adds

nothing to a statute, and fixes no construction of an unambiguous statutory provision. See *C. N. Ray Corp.* v. *Secretary of State,* 241 Mich. 457, 463. We do not think the point decided in *Peninsular Power Co.* v. *Secretary of State, supra,* analogous to the one here presented. In that case compliance with a statute expressly requiring a permissive order of the railroad commission in advance of and as a condition precedent to receiving certificate of authority from the secretary of State was found and applied. In the case at bar there existed no statutory provision constituting the certificate of the commissioner of the banking department a condition precedent to filing the articles in the office of the secretary of State. Such filing would not have permitted the corporation to commence a trust business, for another provision of the statute imposed a condition making compliance therewith and an affirmative determination of its fulfillment by a certificate to such effect by the commissioner of the banking department necessary before the commencement of business. The statutory safeguard prohibited commencement of business until authorized by the commissioner of the banking department, and the secretary of State had no right to demand approval by the commissioner of the banking department before filing the articles of incorporation in his office.

The writ should issue directing the defendant to file the articles as of the day the same came to his office for filing. The question presented being of a public nature, there will be no costs.

FEAD, J. The petition for writ of mandamus should not be granted because:

"Since the writ is employed to promote principles of justice, it should not issue to compel a technical

compliance with the letter of the law, in violation of its clear intent or spirit, nor to wrest a statute from its true purpose.'' 38 C. J. p. 586.

The purpose of the statute was to provide for the incorporation of responsible trust companies with adequate capital actually paid in and with authority to transact a lawful business.

The issue goes beyond the order of steps in the organization of such a company and validity of State departmental practice. Plaintiffs are here seeking to establish judicially the status of corporate entity for their company as of the time of presentation of their articles to the secretary of State, with all the advantages of the statute under which they acted, even though it since has been repealed.

The record does not inform us whether, before the act was repealed, plaintiffs fulfilled all the statutory requirements to commence business by paying in the required amount of capital, filing affidavit, and applying to the banking commissioner for a certificate. If they did, they should have alleged it in their petition. If they did not, then the granting of this writ would result in establishing a corporation which is without right to transact a lawful business, but is given an opportunity to operate in violation of law, casting upon the State the burden of discovering the breach and instituting proceedings to forfeit the charter. Regardless of the technical question of the right of the secretary of State to refuse filing of plaintiffs' articles before they obtained certificate of the banking commissioner to commence business, the discretionary writ of mandamus should not be issued to aid a company not shown to have taken all the statutory measures to entitle it to transact a lawful business and to put it in a position where it may do an unlawful business.

If the writ were issued, the question would still outstand, whether plaintiffs can now pay in the required capital and demand a certificate under the repealed law or whether they must conform to the repealing statute. The latter, Act No. 67, Pub. Acts 1929, provides different procedure and different exercise of power by the banking commissioner in connection with the formation of trust companies. Until plaintiffs shall have shown performance of all the conditions of one law or the other and been refused a certificate of effective incorporation there is no occasion for action by this court.

Writ is denied, without costs.

Butzel, Clark, Potter, Sharpe, and North, JJ., concurred with Fead, J. McDonald, J., took no part in this decision.