*In re* PUBLIC SERVICE COMMISSION'S DETERMINATION
REGARDING COIN-OPERATED TELEPHONES, DIRECT-INWARD
DIALING, AND TOUCHTONE SERVICE, NO 1

Docket No. 157987. Submitted January 6, 1994, at Detroit. Decided
March 22, 1994, at 9:35 A.M. Leave to appeal sought.

Section 207a of the Michigan Telecommunications Act, MCL
484.2207a; MSA 22.1469(207a), effective December 31, 1991,
directed the Public Service Commission to determine whether
coin-operated telephones, direct-inward dialing, and touchtone
service are essential to the public health, safety, or general
welfare and should be regulated by the commission. The com-
mission determined in part that coin-operated telephone ser-
vice, including that provided by customer-owned, coin-operated
telephones (COCOTS), should be regulated. COCOTS involve the
purchase of basic telecommunication and toll-access services
from local-exchange or long-distance companies and the resale
of those services to individual users. The Michigan Pay Tele-
phone Association appealed, and the Telephone Association of
Michigan cross appealed.

The Court of Appeals *held:*

1. Section 401(1) of the Michigan Telecommunications Act,
MCL 484.2401(1); MSA 22.1469(401)(1), provides that the Public
Service Commission does not have authority over the reselling
of a telecommunication service. Because COCOTS involve the
reselling of telecommunication services, the commission may
not regulate them.

2. Whether coin-operated telephone services that are not
provided by COCOTS should be regulated by the commission in
light of the commission's lack of jurisdiction over COCOTS is to
be reconsidered on remand to the commission.

Reversed and remanded.

TELECOMMUNICATIONS — RESALE OF TELECOMMUNICATION SERVICES —
PUBLIC SERVICE COMMISSION.

The Public Service Commission does not have authority to regu-

REFERENCES

Am Jur 2d, Public Utilities § 236; Telecommunications §§ 20, 28.
See ALR Index under Public Service Commissions; Telecommunica-
tions.

late the reselling of telecommunication services; accordingly, customer-owned, coin-operated telephones, which involve the purchase and resale of telecommunication and toll-access services, are not subject to regulation by the commission (MCL 484.2401[1]; MSA 22.1469[401][1]).

*Ralls Urban & Rosier, P.C.* (by *William Reid Ralls, Leland R. Rosier,* and *Bruce H. Edwards*), for Michigan Pay Telephone Association.

*Frank J. Kelley,* Attorney General, and *Don L. Keskey* and *Tracy A. Sonneborn,* Assistant Attorneys General, for Public Service Commission.

*Honigman Miller Schwartz & Cohn* (by *James A. Ault*), for Telephone Association of Michigan.

Before: CORRIGAN, P.J., and GRIBBS and G. E. MONTGOMERY,* JJ.

PER CURIAM. Michigan Pay Telephone Association has filed a claim of appeal from an October 2, 1992, opinion and order of the Public Service Commission, concluding rehearing proceedings arising from the commission's March 13, 1992, opinion and order, which in pertinent respects holds that the commission should and will regulate coin-operated telephone service, including that provided by customer-owned, coin-operated telephones (COCOTS), generically described as private pay telephones. Appellant is an association of the owners of businesses providing COCOT service.

The association states four issues for review, the first of which is dispositive, namely, whether that portion of the commission's order asserting regulatory jurisdiction over COCOTS is unlawful.

Previously, the commission had not regulated privately owned pay telephones, because under the

* Circuit judge, sitting on the Court of Appeals by assignment.

telephone act of 1913, MCL 484.101 *et seq.*; MSA 22.1441 *et seq.*, it lacked jurisdiction, as it recognized in its opinion in the case at bar, to regulate resales of telecommunication services. A cocot, by definition, purchases basic telecommunication and toll-access services from a local exchange company or long-distance company, and resells that service to individual users. Section 401 of the Michigan Telecommunications Act of 1991, MCL 484.2101 *et seq.*; MSA 22.1469(101) *et seq.*, specifically bars the commission from regulating, inter alia, "the reselling of a telecommunication service." The commission reasoned that § 207a, MCL 484.2207a; MSA 22.1469(207a), which directs the commission, within ninety days of adoption of the statute, to determine whether to regulate coin-operated telephones, is more specific, and that the specific should predominate over the general.

Section 207a of the Michigan Telecommunications Act provides:

> Within 90 days of the effective date of this act and after receiving public comment, the commission shall determine whether coin operated telephones, direct-inward dialing, and touch-tone service are essential to the public health, safety, or general welfare and should be regulated under this act. [MCL 484.2207a; MSA 22.1469(207a).]

The commission has construed this statute as a directive for it to determine whether the public interest warrants regulation, inter alia, of coin-operated telephones, and, if so, as an authorization for it to regulate to the extent it deems appropriate. But there is no language whatsoever in § 207a that purports to grant the commission power to do anything except determine whether regulation is essential to the public health, safety, or general welfare.

The statute should properly be construed as indicating simply that the commission, within its power to regulate telecommunications granted elsewhere in the statute, should specifically determine whether the three listed services, coin-operated telephones, direct-inward dialing, and touchtone service, are so essential to the public health, safety, or general welfare that they should be regulated, to the extent the commission is empowered to regulate those services. The Legislature was no doubt aware of the administrative law doctrine whereby an administrative agency that has statutory authority to regulate may properly decline to utilize its jurisdiction to the fullest extent when the policies of the enabling act would not be effectuated by its assertion of jurisdiction in certain circumstances. *NLRB v Denver Building & Construction Trades Council,* 341 US 675, 684; 71 S Ct 943; 95 L Ed 1284 (1951). In § 207a, the Legislature left it to the commission to decide whether to decline to exercise jurisdiction it might otherwise possess with regard to these specific services.

Section 401(1) of the Michigan Telecommunications Act provides:

> Except as otherwise provided by § 305 [prohibited acts by providers of basic local exchange services], the Commission shall not have authority over enhanced services, paging, cellular, mobile, and answering services, video, cable television, pay-per-view, shared tenant, private network, financial services networks, radio and television, WATS, personal communication networks, municipally owned telecommunication system, 800 prefix services *and the reselling of a telecommunication service.* None of the foregoing shall be considered to be the provision of basic local exchange service. [MCL 484.2401(1); MSA 22.1469(401)(1); emphasis added.]

In its opinion in this case, the commission acknowledged that COCOTS are reselling telecommunication service. The clear import of § 401 is to preclude the commission from exercising any jurisdiction to regulate such resales, even assuming arguendo the validity of the commission's rationale that it is necessary to regulate all pay telephone service in order to effectively regulate some pay telephone service, namely, that provided other than by resale.

In this sense, § 401 is specific: it expressly denies the commission authority to regulate resales of telecommunciation service. Section 207a, in contrast, at most generally authorizes the commission to regulate coin-operated telephone service, without suggesting that the commission may regulate coin-operated telephone service that constitutes the resale of telecommunication services. Where, as here, both a general statute and a specific statute encompass the same subject matter, the specific will control. *Gibson v Bronson Methodist Hosp,* 197 Mich App 67; 495 NW2d 162 (1992); *In re Forfeiture of One 1987 Chevrolet Blazer,* 183 Mich App 182; 454 NW2d 201 (1990).

However, nothing in § 207a suggests that the commission should determine whether to regulate, inter alia, coin-operated telephones in excess of the commission's jurisdiction and authority. In that sense, §§ 207a and 401 are not in conflict, because the former simply directs the commission to determine whether, in the exercise of its discretion, it ought to exert over certain subject matter regulatory authority it otherwise possesses, while the latter fixes the limits of the commission's regulatory jurisdiction. The two sections thus do not deal with the same subject matter, are not in conflict, and each may accordingly be separately effectuated by the commission. *Navarre v Navarre,* 191 Mich App 395, 398; 479 NW2d 357 (1991).

It should also be noted that, pursuant to § 207a, if the commission determines that it is essential to the public health, safety, or general welfare that all coin-operated telephone service be regulated, including that involving resale of telecommunication service, it is up to the commission whether to seek an expansion of its jurisdiction from the Legislature. Section 202(f) directs the commission to report to the Legislature and the Governor before January 1, 1994, with respect to various telecommunications issues, which is to include a discussion of the services and providers subject to regulation, § 202(f)(ii), the effects and projected effects of regulatory policies and practices on telecommunication providers, services, and customers, § 202(f)(iv), recommendations for legislation, § 202(f)(vi), and any other information or analysis that the commission considers important for the Legislature to consider regarding telecommunications, § 202(f)(ix).

In its opinion, the commission clearly links its determination that coin-operated telephone service should be regulated to its perception that proper regulation requires pervasive regulation, and that all pay telephone service must be regulated to assure the efficacy of regulation. Whether, in light of its lack of jurisdiction to regulate coin-operated telephone service provided by COCOTS, the commission may determine that a different level of regulation of coin-operated telephone service within its jurisdiction is appropriate, or whether such service should be unregulated, is a matter best left to the commission to determine in the first instance. Accordingly, as cross-appellant Telephone Association of Michigan requests, this cause should be remanded for reconsideration in light of the commission's lack of jurisdiction to regulate COCOTS.

Reversed and remanded for further proceedings consistent with this opinion.