*In re* HILL

Docket Nos. 168982, 168983. Submitted July 14, 1994, at Detroit. Decided September 7, 1994, at 9:15 A.M. Leave to appeal sought.

The Department of Social Services initiated child protective proceedings in the Oakland County Probate Court for the benefit of minors Ryan Hill and Christina Frederick and her siblings. The Attorney General appeared on behalf of the department. Subsequently, in both proceedings, the Oakland County Prosecutor petitioned the court for termination of parental rights. The court, Barry M. Grant, J., ruled that the prosecutor lacked standing to bring the petitions. The Oakland Circuit Court, Gene Schelz, J., affirmed the probate court ruling. The prosecutor appealed by leave granted in each case, and the appeals were consolidated.

The Court of Appeals *held:*

The prosecutor lacked standing to appear in the proceedings below. The Probate Code allows a prosecutor to appear in a child protective proceeding only where the probate court requests the prosecutor's appearance, where the Department of Social Services requests the prosecutor's appearance, or where the prosecutor files the original petition for termination of parental rights. None of these situations occurred in the proceedings below.

Affirmed.

PARENT AND CHILD — CHILD PROTECTIVE PROCEEDINGS — PROSECUTING ATTORNEY — STANDING.

A prosecutor may not appear in a child protective proceeding unless the probate court or the Department of Social Services has requested the appearance of the prosecutor or the prosecutor has filed the original petition for termination of parental rights (MCL 712A.17[4], 712A.17[5], 712A.19b[1]; MSA 27.3178[598.17][4], 27.3178[598.17][5], 27.3178[598.19b][1]).

*Richard Thompson,* Prosecuting Attorney, *Rich-*

REFERENCES

Am Jur 2d, Juvenile Courts and Delinquent and Dependent Children § 37.

See ALR Index under Children.

ard H. Browne, Acting Chief, Appellate Division, and Anica Letica, Assistant Prosecuting Attorney, for Oakland County Prosecuting Attorney.

Frank J. Kelley, Attorney General, Thomas L. Casey, Solicitor General, and Bernard Rosner, Judy A. Hartsfield, and Howard G. Grodman, Assistant Attorneys General, for Department of Social Services.

Otlewski & Maloney, P.C. (by Douglas Otlewski), for Stephanie Hill.

Baker & Chadwick (by Paul N. Baker), for Kevin Hill.

Andrew L. Finn, for Carol Frederick.

Karen Gullberg Cook, for Frederick children.

Amicus Curiae:

Anthony M. Damiano, Jeffrey R. Fink, and Scott K. Hanson, for Prosecuting Attorneys Association of Michigan.

Before: NEFF, P.J., and McDONALD and M. WAR-SHAWSKY,* JJ.

PER CURIAM. The prosecutor appeals by leave granted from an October 13, 1993, circuit court order affirming a probate court ruling that the prosecutor had no independent standing in the instant child protective proceedings. We affirm.

An analysis of the facts underlying the probate court's assumption of jurisdiction in both matters is unnecessary for the determination of the issue raised on appeal. The question to be decided is one

---

* Circuit judge, sitting on the Court of Appeals by assignment.

of law—whether the prosecutor has independent standing to proceed in child protective proceedings when the Department of Social Services requests and obtains representation from the Attorney General's office.

We find the prosecutor, under certain circumstances, has standing to petition the probate court for the termination of a parent's parental rights and to appear at all child protective proceedings regardless of the Department of Social Services' position and representation by the Attorney General's office. Nonetheless, for the reasons set forth below, we find no error in the circuit court's affirmance of the probate court's ruling that the prosecutor had no standing with regard to the instant matters, in part because the prosecutor did not properly petition the court for termination.

Child protective proceedings are governed by the Juveniles and Juvenile Division Chapter of the Probate Code, MCL 712A.1 *et seq.*; MSA 27.3178(598.1) *et seq.,* and subchapter 5.900 of the Michigan Court Rules. The code affords the prosecutor standing to appear in child protective proceedings under three circumstances. MCL 712A.17(4); MSA 27.3178(598.17)(4) provides for the prosecutor's appearance at all hearings upon the request of the court, see also MCR 5.914(A); MCL 712A.17(5); MSA 27.3178(598.17)(5) provides for the prosecutor's appearance on behalf of the Department of Social Services when requested by the department; and MCL 712A.19b(1); MSA 27.3178(598.19b)(1) permits the prosecutor to file a petition for termination of parental rights after a child has remained in foster care or the custody of a guardian for a specified duration.[1] See also MCR

---

[1] The prosecutor suggests MCL 49.153; MSA 5.751 also provides the prosecutor standing to appear in child protective proceedings. We disagree. MCL 49.53; MSA 5.751 is a broad provision outlining the

5.974(A)(1), which authorizes a prosecutor to file original, amended, and supplemental petitions for termination.

In each of the underlying matters, the prosecutor failed to obtain standing pursuant to any of these provisions. Although it appears the prosecutor in each case could have filed an original petition seeking termination of parental rights independent of the department's actions, no such petitions were filed. In both cases, the original petitions were filed by the Department of Social Services. Although the prosecutor filed an "amended petition" in the Hill case and attempted to file a "supplemental petition" in the Frederick case, these actions did not act to confer standing on the prosecutor. The prosecutor could not amend or supplement another party's petition. Until the prosecutor filed his own petition for termination as set forth in MCL 712A.19b(1); MSA 27.3178(598.19b)(1), absent a finding that the probate court requested the prosecutor's appearance pursuant to MCL 712A.17(4); MSA 27.3178(598.17)(4), the prosecutor had no standing independent of his representation of the department of social services pursuant to MCL 712A.17(5); MSA 27.3178(598.17)(5). Because the prosecutor unequivocally denies appearing on behalf of the department, the only remaining vehicle through which the prosecutor could have obtained standing in either matter was by invitation of the court, MCL 712A.19b(1); MSA 27.3178(598.19b)(1). The prosecutor suggests he received such invitation through receipt of notices of the various hearings. However, as noted by the probate court judge, the

duties of a prosecutor. Even if the provision was interpreted as addressing a prosecutor's standing, the more specific statutory provisions of the Probate Code would control. *In re PSC Determination, No 1,* 204 Mich App 344; 514 NW2d 535 (1994).

prosecutor was notified of the proceedings because the prosecutor had specifically requested to receive such notice. We find receipt of notice of hearings insufficient to constitute a formal request by the court to appear on behalf of the people in child protective proceedings pursuant to the code.

Thus, although we conclude a prosecutor may have independent standing to appear at all stages of child protective proceedings, in these cases the prosecutor failed to obtain such standing.

Affirmed.