## *In re* JAGERS

Docket No. 195683. Submitted May 6, 1997, at Grand Rapids. Decided June 27, 1997, at 9:15 A.M.

The Allegan County Prosecutor filed a petition to initiate child protective proceedings in the Allegan County Probate Court with respect to Kyle and Rachel Jagers, alleging neglect and abuse by their parents, Janice Jagers and Orrin Wells. The court, Susan L. Dobrich, J., ruled that the prosecutor lacked standing to represent the people of the State of Michigan in view of a decision by the Family Independence Agency to be represented by counsel other than the prosecutor. The court also determined that the prosecutor cannot verify the petition as required by MCL 712A.11(4); MSA 27.3178(598.11)(4). The prosecutor appealed by leave granted.

The Court of Appeals *held*:

1. Under the plain language of MCL 712A.11; MSA 27.3178(598.11), a petition may be filed by "a person" requesting the court to take action on behalf of a child because of parental abuse or neglect. A prosecutor assuredly qualifies as "a person." Moreover, the Supreme Court decided in *People v Gates*, 434 Mich 146 (1990), that child protective proceedings may be initiated by anyone who has information that a child is in need of the court's protection.

2. Pursuant to MCL 49.153; MSA 5.571, a prosecuting attorney shall appear for the state or county and prosecute or defend in all the courts of the county all prosecutions, suits, applications, and motions, whether civil or criminal, in which the state or county may be a party or is interested. The prosecutor's powers and duties include such additional functions as may be necessarily implied from those expressly set forth by statute.

3. MCL 712A.11(4); MSA 27.3178(598.11)(4) requires that a petition "be verified and may be upon information and belief." MCR 2.114(B)(2) provides that a document that is required to be verified may be verified by a signed and dated declaration that the statements are true to the best information, knowledge, and belief of their maker. The prosecutor properly verified the petition in this case by declaring that the statements therein were true to the best of his information, knowledge, and belief.

4. Public policy favors allowing prosecutors to act independently of the Family Independence Agency with respect to child protective proceedings.

Reversed.

PARENT AND CHILD — CHILD PROTECTIVE PROCEEDINGS — COUNTY PROSECUTORS — ACTION INDEPENDENT OF FAMILY INDEPENDENCE AGENCY.

A county prosecutor may act independently of the Family Independence Agency in filing a petition in the probate court to initiate child protective proceedings based on parental abuse or neglect (MCL 49.153, 712A.11; MSA 5.751, 27.3178[598.11]).

*Frederick Anderson*, Prosecuting Attorney, and *Yvonne G. Dzialowski*, Assistant Prosecuting Attorney, for the petitioner.

Before: YOUNG, P.J., and DOCTOROFF and CAVANAGH, JJ.

CAVANAGH, J. The prosecutor appeals by leave granted the probate court order finding that the prosecutor did not have standing to file a child neglect petition under the Juvenile Code as a petitioner. We reverse.

On February 8, 1996, Allegan County Assistant Prosecutor Michael Buck filed a petition with the probate court alleging that minors Kyle and Rachel Jagers were suffering from various acts of abuse and neglect by their parents, respondents Janice Jagers and Orrin Wells.[1] The petition, filed pursuant to MCR 5.961, was in the name of the People of Michigan. The prosecutor requested that the probate court accept jurisdiction over the minor children, place the children in licensed foster care or with a suitable relative, allow Janice Jagers to have supervised visitation, and order a physical examination of the children.

---

[1] The father of Kyle Jagers is actually Patrick Jagers. Patrick Jagers is not a party to this appeal.

At a hearing on May 15, 1996, the attorney for respondent Jagers argued that the prosecutor had no proper role in the proceedings, because he was not representing the Family Independence Agency (FIA). The FIA was also a party in this case but had expressly announced that it intended to retain other counsel. The probate court, relying on *In re Hill*, 206 Mich App 689; 522 NW2d 914 (1994), agreed that the prosecutor did not have standing to appear in this case independent of any representation of the FIA. The probate court further stated that it did not believe "that a petitioner can be a prosecutor because they [sic] are not verifying the information." The order incorporating this ruling was entered on May 28, 1996. On June 17, 1996, the probate court certified the question whether a prosecutor has standing to file a child neglect petition on behalf of the People of Michigan, and the prosecutor sought leave to appeal pursuant to MCR 5.993. On October 1, 1996, this Court granted the prosecutor's application for leave to appeal.

MCL 712A.11(2); MSA 27.3178(598.11)(2)[2] provides:

> Beginning June 1, 1988 and except as provided in subsection (3), if *a person* gives information to the juvenile division of the probate court that a child is within section 2(a)(2) to (6), (b), (c) or (d) of this chapter, a preliminary inquiry may be made to determine whether the interests of the public or of the child require that further action be taken. If it appears that formal jurisdiction should be acquired, *the court shall authorize a petition to be filed.* [Emphasis added.]

---

[2] This statute was amended by 1996 PA 409, § 1. The amendment becomes effective on January 1, 1998.

Statutory interpretation is a question of law subject to review de novo on appeal. The primary goal of statutory interpretation is to ascertain and give effect to the intent of the Legislature in enacting a provision. Statutory language should be construed reasonably, keeping in mind the purpose of the statute. The first criterion in determining intent is the specific language of the statute. If the statutory language is clear and unambiguous, judicial construction is neither required nor permitted, and courts must apply the statute as written. *Nat'l Center for Mfg Sciences, Inc v Ann Arbor*, 221 Mich App 541, 545-546; 563 NW2d 65 (1997).

The Juvenile Code should be liberally construed in order to provide each child coming within the juvenile division's jurisdiction with such care, guidance, and control as will be conducive to the child's welfare and the best interest of the state. MCL 712A.1; MSA 27.3178(598.1); *People v Dunbar*, 423 Mich 380, 386; 377 NW2d 262 (1985).

We conclude that the probate court erred in finding that the prosecutor did not have standing to appear in this case independent of any representation of the FIA. Under the plain language of MCL 712A.11;. MSA 27.3178(598.11), a petition may be filed by "a person" requesting the court to take action on behalf of a child because of parental abuse or neglect. A prosecutor or an assistant prosecutor assuredly qualifies as "a person." Moreover, the Supreme Court has stated:

> The purpose and focus of a neglect or abuse proceeding in the juvenile division of the probate court is the protection of children. To this end, proceedings may be initiated by *anyone* who has information that a child is in need of the court's protection. [*People v Gates*, 434 Mich 146, 161-

162; 452 NW2d 627 (1990), cert den sub nom *Gates v Michigan*, 497 US 1004 (1990) (emphasis added).]

The probate court relied on *Hill, supra.* However, our review of *Hill* does not lead us to a different result. In *Hill*, the issue was whether the prosecutor had independent standing to proceed in child protective proceedings when the Department of Social Services (DSS) (now known as the FIA) requested and obtained representation from the office of the Attorney General. This Court stated:

> We find the prosecutor, under certain circumstances, has standing to petition the probate court for the termination of a parent's parental rights and to appear at all child protective proceedings regardless of the Department of Social Services' position and representation by the Attorney General's office. Nonetheless, for the reasons set forth below, we find no error in the circuit court's affirmance of the probate court's ruling that the prosecutor had no standing with regard to the instant matters, *in part because the prosecutor did not properly petition the court for termination.* [*Hill, supra* at 691 (emphasis added).]

In *Hill*, unlike in the present case, the prosecutor did not file the original petition in the probate court. Moreover, the prosecutor was not acting on behalf of the DSS. Nevertheless, the prosecutor attempted to amend and supplement the original termination petition, which had been filed by the DSS. The *Hill* Court merely held that one party cannot amend or supplement another party's petition. See *id.* at 692.

The probate court relied on a statement in *Hill* that there are only three ways that a prosecutor can obtain standing in a child protective proceeding. See *id.* at 691. The statutes cited in *Hill* are those that specifically refer to prosecutorial involvement in a

child protective proceeding. MCL 712A.17(4); MSA 27.3178(598.17)(4) and MCR 5.914(A) require the prosecutor to appear at any child protective proceeding when requested by the court. MCL 712A.17(5); MSA 27.3178(598.17)(5) requires the prosecutor to serve as a legal consultant to the DSS/FIA at all stages of a child protective proceeding when requested to do so by the agency or its agent. MCL 712A.19b(1); MSA 27.3178(598.19b)(1) and MCR 5.974(A)(2) permit the prosecutor and certain other enumerated parties to file original, amended, and supplemental petitions for termination of parental rights after a child has remained in foster care or the custody of a guardian for a specified period.

However, there is no authority for the finding that the prosecutor may perform only those duties specifically assigned to him in the statutes and court rules. The powers and duties of the prosecuting attorney are provided by law. See Const 1963, art 7, § 4. Pursuant to MCL 49.153; MSA 5.751, a prosecuting attorney shall appear for the state or county and prosecute or defend in all the courts of the county all prosecutions, suits, applications, and motions, whether civil or criminal, in which the state or county may be a party or is interested. However, the prosecutor's powers and duties include not only those expressly set forth in the statute, but also such additional functions as may be necessarily implied from those specifically mentioned. *Bloss v Williams*, 15 Mich App 228, 233; 166 NW2d 520 (1968).

We further conclude that the probate court erred in determining that the prosecutor could not verify the petition. MCL 712A.11(4); MSA 27.3178(598.11)(4) requires only that the petition "be verified and may be

upon information and belief." MCR 2.114(B)(2) provides:

> If a document is required or permitted to be verified, it may be verified by
>
> (a) oath or affirmation of the party or of someone having knowledge of the facts stated; or
>
> (b) except as to an affidavit, including the following signed and dated declaration: "I declare that the statements above are true to the best of my information, knowledge, and belief."

In the present case, the prosecutor declared that the statements in the petition were true to the best of his knowledge, information, and belief. Thus, the prosecutor fulfilled the statutory requirement that the petition be verified. If the prosecutor cannot support the allegations in the petition with evidence sufficient for the court to assume formal jurisdiction, the court will not authorize the petition to be filed. See MCL 712A.11(2); MSA 27.1378(598.11)(2).

Moreover, we believe that public policy favors allowing prosecutors to act independently of the FIA. As the probate court noted at the hearing below, the prosecutor and the FIA do not always agree on how a particular case should be handled. When, as in the instant case, the prosecutor believes that a petition should be filed and the FIA, for whatever reason, is not persuaded, the prosecutor should not be precluded from taking any action. The state, and every county within it, has an interest in protecting children from abuse and neglect. See MCL 49.153; MSA 5.751.

Reversed. No taxable costs pursuant to MCR 7.219, a question of public policy being involved.