FREEMAN v HI TEMP PRODUCTS, INC

Docket Nos. 193145, 194050-194086. Submitted November 12, 1997, at
    Detroit. Decided March 27, 1998, at 9:15 A.M. Leave to appeal
    sought.

    Mamie Freeman, as personal representative of the estate of Charles
    O. Freeman, and thirty-seven other individuals who either suffered
    personal injuries or whose decedent died in consequence of use of
    or exposure to the products of Hi Temp Products, Inc., brought
    actions in the Saginaw Circuit Court against Hi Temp for those
    injuries and deaths. Hi Temp moved in each of the actions for sum-
    mary disposition on the basis that none of the actions had been
    timely brought because each action had been brought more than
    one year after Hi Temp had been dissolved and had given notice by
    publication of the dissolution. On October 8, 1993, Hi Temp's board
    of directors had voted to dissolve the corporation, and a certificate
    of dissolution had been delivered to and received by the Bureau of
    Corporations and Securities on October 14, 1993. Hi Temp had sent
    a letter, which had been received October 18, 1993, to the attorney
    representing most, if not all, of the present plaintiffs, indicating its
    dissolution and containing the information required by § 841a of
    the Business Corporation Act (BCA), MCL 450.1841a; MSA
    21.200(841a), relative to the filing of notices of claims against it. On
    October 25, 1993, a notice of the dissolution that was in the form
    and that contained the information required by § 842a of the BCA,
    MCL 450.1842a; MSA 21.200(842a), had been published in a news-
    paper published in the county in which Hi Temp's principle office
    was located. On that same date, the administrator of the Bureau of
    Corporations and Securities had stamped the certificate of dissolu-
    tion that had been submitted to the bureau as "filed." On the basis
    of these undisputed facts, Hi Temp argued that it was entitled to
    summary disposition with respect to these plaintiffs' claims
    because all of these claims had been filed after October 25, 1994,
    and were thus barred by the one-year period of limitation of
    § 842a(2)(3). The court, Leopold P. Borrello, J., denied summary
    disposition for Hi Temp in each of the actions on the basis that Hi
    Temp had not satisfied the condition precedent to the application
    of the period of limitation set forth in § 842a. Hi Temp appealed by
    leave granted in each action, and the appeals were consolidated.

The Court of Appeals *held*:

1. In the BCA, the Legislature created a process whereby a dissolved corporation can bar future claims. Section 841a of the BCA provides that a dissolved corporation may notify any existing claimants in writing of its dissolution "at any time after the effective date of the dissolution," indicating that any claim against the dissolved corporation must be received by the dissolved corporation by the date stated in the notice, which cannot be less than six months after the date the notice was given, or that such claim will be barred. Section 842a of the BCA provides, alternatively, that a dissolved corporation may, "at any time after the effective date of the dissolution," publish in a newspaper of general circulation in the county of the dissolved corporation notice that it has dissolved, that any claim against it must be submitted to it in the manner specified in the notice, and that any claim will be barred unless a proceeding to enforce the claim is commenced within one year after publication of the notice.

2. Subsection 7 of § 804 of the BCA, MCL 450.1804(7); MSA 21.200(804)(7), provides that the dissolution of a corporation "shall be effected by the . . . filing of a certificate of dissolution on behalf of the corporation." Subsection 1 of § 131 of the BCA, MCL 450.1131(1); MSA 21.200(131)(1), provides that any document to be filed under the BCA must be filed by delivery to the administrator, who, upon determining that the document substantially complies with the requirements of the BCA, must "endorse upon it the word 'filed' . . . and the date of receipt and of filing and shall file and index the document." Subsection 3 of § 131 of the BCA, MCL 450.1131(3); MSA 21.200(131)(3), provides that a filed document "is effective at the time that it is endorsed."

3. Reading these provisions together, it is clear that a document is "filed" for the purpose of § 804(7) on the date it is endorsed and filed by the administrator rather than on the date that it is delivered by the dissolved corporation and received by the administrator for review and endorsement. Accordingly, the effective date of the dissolution of Hi Temp was the date on which the administrator of the Bureau of Corporations and Securities endorsed the certificate of dissolution, that being October 25, 1993.

4. Because § 842a requires that the statutory notice by publication be given "after the effective date of dissolution" and because Hi Temp gave its notice by publication on the effective date of dissolution, the provision in § 842a that bars the bringing of a proceeding to enforce a claim against a dissolved corporation unless brought within one year of the giving of the notice by publication is not available to Hi Temp.

5. Inasmuch as the Legislature did indicate that substantial compliance with the requirements relative to the content of a document was sufficient but made no similar provision with respect to timing of notices, it would be a usurpation of legislative prerogatives to hold that substantial compliance with the very specific temporal ordering of events was sufficient to warrant the application of the statutory bar.

Affirmed.

1. Corporations — Dissolution of Corporations — Date of Dissolution — Business Corporation Act.

The dissolution of a corporation under the Business Corporation Act becomes effective on the date the administrator of the Bureau of Corporations and Securities, after the mandated statutory review of a corporation's certificate of dissolution, endorses the certificate and stamps it with the words "filed" (MCL 450.1131[1], 450.1131[3], 450.1804[7]; MSA 21.200[131][1], 21.200[131][3], 21.200[804][7]).

2. Corporations — Dissolution of Corporations — Limitation of Actions.

The period of limitation available to dissolved corporations under the provisions of the Business Corporation Act is available to a dissolved corporation only if the required statutory notice was given after the effective date of the dissolution; a notice whose contents conform to the statutory requirements but that was given before or on the date of dissolution does not satisfy the statutory prerequisite for barring the bringing of a proceeding to enforce a claim against the dissolved corporation (MCL 450.1841a[4]; MSA 21.200[841a][4]).

*Goldberg, Persky, Jennings & White, P.C.* (by *Lane A. Clack*), for the plaintiffs.

*Mellon, McCarthy & Van Dusen, P.C.* (by *Richard R. Danforth*), for the defendant.

Before: Bandstra, P.J., and Cavanagh and Markman, JJ.

Bandstra, P.J. Hi Temp Products, Inc., formerly known as Asbestos Specialties Company, was granted leave to appeal in these thirty-eight consolidated cases, all arising from a decision denying Hi Temp's

motions for summary disposition predicated on a statute of limitations. We affirm.

Hi Temp was in the business of selling asbestos products. In these otherwise unrelated actions, plaintiffs claim to have suffered personal injuries or death in consequence of use of or exposure to Hi Temp products. All the lower court cases were filed sometime after October 25, 1994. One year earlier, on October 25, 1993, the Bureau of Corporations and Securities accepted for filing Hi Temp's certificate of dissolution as a Michigan business corporation. Hi Temp's board of directors and sole stockholder had passed resolutions providing for such dissolution on October 8, 1993. The certificate of dissolution was received at the Bureau of Corporations and Securities on October 14, 1993; it was not stamped "filed" until October 25, 1993.

In the intervening eleven-day period between the receipt by the bureau of the certificate and its filing, Hi Temp sent notice to known creditors, including the claimants in these cases, by addressing a letter to the law firm that, at that time, was representing most or all of these plaintiffs. The letter was in the form and contained the information required by § 841a of the Business Corporation Act (BCA), MCL 450.1841a; MSA 21.200(841a). Additionally, during that same time frame, Hi Temp published a notice in the *Oakland Press*, a paper published in the county in which Hi Temp's principal office was located, in the form and containing the information required by § 842a of the BCA, MCL 450.1842a; MSA 21.200(842a). Accordingly, Hi Temp argues that the one year period of limitation set forth in the BCA bars plaintiffs' claims. MCL 450.1842a(3); MSA 21.200(842a)(3).

The primary goal of statutory interpretation is to give effect to the Legislature's intent in enacting a provision. *In re Jagers*, 224 Mich App 359, 362; 568 NW2d 837 (1997). In determining the Legislature's intent, the specific language of the statute must be examined. *Id.* "If the statutory language is clear and unambiguous, judicial construction is neither required nor permitted, and courts must apply the statute as written." *Id.* Statutory interpretation is a question of law that is reviewed de novo on appeal. *Id.*

In Michigan, pursuant to statute, the general rule is that a dissolved corporation can sue and be sued. MCL 450.1833, 450.1834; MSA 21.200(833), 21.200(834). However, the Legislature has created a process whereby a dissolved corporation can bar future claims, thus cutting off the possibility that the corporation's potential liability could never be completely resolved. After the corporation's dissolution becomes effective, the corporation can give either actual written notice of the dissolution pursuant to MCL 450.1841a; MSA 21.200(841a), or notice by publication pursuant to MCL 450.1842a; MSA 21.200(842a) to potential claimants against the corporation. Specifically, MCL 450.1841a; MSA 21.200(841a) provides:

> (1) The dissolved corporation may notify its existing claimants in writing of the dissolution at any time after the effective date of the dissolution. The written notice shall include all of the following:
>
>      *     *     *
>
> (c) The deadline, which may not be less than 6 months from the effective date of the written notice, by which the dissolved corporation must receive the claim.
>
> (d) A statement that the claim will be barred if not received by the deadline.

*      *      *

(3) A claim against the dissolved corporation is barred if either of the following applies:

(a) If a claimant who was given written notice under subsection (1) does not deliver the claim to the dissolved corporation by the deadline.

*      *      *

(5) For purposes of this section, the effective date of the written notice is the earliest of the following:

(a) The date it is received.

(b) Five days after its deposit in the United States mail, as evidenced by the postmark, if it is mailed postpaid and correctly addressed.

(c) The date shown on the return receipt, if the notice is sent by registered or certified mail, return receipt requested, and the receipt is signed by or on behalf of the addressee.

Notice by publication is allowed by MCL 450.1842a; MSA 21.200(842a), which provides:

(1) A dissolved corporation may also publish notice of dissolution at any time after the effective date of dissolution and request that persons with claims against the corporation present them in accordance with the notice.

*      *      *

(3) If the dissolved corporation publishes a newspaper notice in accordance with subsection (2), the claim of each of the following claimants is barred unless the claimant commences a proceeding to enforce the claim against the dissolved corporation within 1 year after the publication date of the newspaper notice:

(a) A claimant who did not receive written notice under section 841a.

(b) A claimant whose claim was timely sent to the dissolved corporation but not acted on.

(c) A claimant whose claim is contingent or based on an event occurring after the effective date of dissolution.

(4) Notwithstanding subsection (3), a claimant having an existing claim known to the corporation at the time of publication in accordance with subsection (2) and who did not receive written notice under section 841a shall in no event be barred from suit until 6 months after the claimant has actual notice of the dissolution.

In order for a corporation that has dissolved to take advantage of the protections afforded by these sections, it must furnish or publish notice "at any time after the effective date of dissolution." The BCA provides that the dissolution of a corporation "shall be effected by the . . . filing of a certificate of dissolution on behalf of the corporation . . . ." MCL 450.1804(7); MSA 21.200(804)(7). Hi Temp argues that delivery of its certificate of dissolution to the Bureau of Corporations and Securities on October 14, 1993, constituted the requisite act of "filing," thus making that date "the effective date of dissolution."

Hi Temp relies on § 131(1) of the BCA, MCL 450.1131(1); MSA 21.200(131)(1), which provides:

A document required or permitted to be filed under this act shall be filed by delivering the document to the administrator together with the fees and accompanying documents required by law. . . . If the document substantially conforms to the requirements of this act, the administrator shall endorse upon it the word "filed" with his or her official title and the date of receipt and of filing and shall file and index the document . . . in his or her office. If so requested at the time of the delivery of the document to his or her office, the administrator shall include the hour of filing in his or her endorsement. The administrator shall prepare and return a true copy of the document other than an annual report . . . to the person who submitted it for filing showing the filing date.

However, § 131(3) further provides that a filed document "is effective at the time it is endorsed . . . ." MCL 450.1131(3); MSA 21.200(131)(3).

Reading these provisions together, we conclude that § 131(1) merely describes the procedure by which a document is to be filed under the BCA. It must be filed along with required fees and accompanying documents. The administrator makes a determination that the filed document substantially conforms to the requirements of the act before endorsing the document as "filed." With respect to documents other than annual reports, the filing party is entitled to be provided a copy of the filed document showing when it was endorsed as filed.[1]

Subsection 131(3) then specifically states that a filed document "is effective at the time it is endorsed . . . ." In light of subsection 131(3), we disagree with Hi Temp's argument that the description of the filing procedure set forth in subsection 131(1) somehow makes a document effective at the time of its delivery to the administrator rather than at a later time when the administrator endorses the document as filed.[2]

The effective date of Hi Temp's dissolution was October 25, 1993, when the certificate was endorsed

---

[1] Presumably, Hi Temp received a return copy of its certificate of dissolution in this case and was thus provided notice of the date on which its dissolution was "filed" and effective. Hi Temp could have avoided the problems leading to this appeal by recognizing that the earlier notices were premature and by providing notice to plaintiffs after October 25, 1993.

[2] The necessity for the administrator of the Bureau of Corporations and Securities actually to inspect the documents and to determine that the dissolution requirements have been satisfied before filing the certificate of dissolution is apparent both from the language of the statute and from case law, which indicates that unless all such ancillary requirements have been fulfilled, the administrator has no obligation to treat the document as filed. *Dobson v Secretary of State*, 249 Mich 199; 228 NW 773 (1930).

as filed. Hi Temp provided no notice to plaintiffs after that date; its written notice was provided before that date and the *Oakland Press* publication of notice occurred on (not after) that date.[3] Accordingly, Hi Temp cannot rely on the statutory bars that would have been available under the BCA had notice been provided "after the effective date of dissolution."

Although Hi Temp also relies on the doctrine of "substantial compliance" in arguing that plaintiffs' claims should be barred, we conclude that this argument is without merit. Where the Legislature views the doctrine of "substantial compliance" acceptable, it has, at least in the BCA, specifically indicated that intent. Subsection 131(1) authorizes the administrator to endorse a certificate of dissolution as "filed" if, with respect to content, the document "substantially conforms to the requirements of this act . . . ."[4] The Legislature has made no similar provision for the timing of notices under either § 841a or § 842a, apparently intending an orderly process where effective dissolution must occur before notice of that dissolution can be provided to claimants.[5] It would be a usurpation of legislative prerogatives to interpolate

---

[3] In effect, Hi Temp argues that we should rewrite the statute to allow notice "before, on or after" the effective date of dissolution. As judges, we cannot constitutionally act as legislators.

[4] Similarly, our Supreme Court has applied substantial compliance analysis to the content, rather than the timing, of a notice in *Meredith v Melvindale*, 381 Mich 572; 165 NW2d 7 (1969).

[5] Although this seems a reasonable approach, Hi Temp characterizes this construction of the statute an "absurdity" that should be rejected. Although there are precedents rejecting a literal construction of a statute for this kind of reason, see, e.g., *Rowell v Security Steel Processing Co*, 445 Mich 347, 354; 518 NW2d 409 (1994), we consider Hi Temp's conclusory argument here, made without citation to any authority, to be waived, *Weiss v Hodge (After Remand)*, 223 Mich App 620, 637; 567 NW2d 468 (1997).

the substantial compliance doctrine into those sections.[6]

We affirm.

---

[6] We realize that plaintiffs have not shown that they have been prejudiced by the fact that notices were provided on and before the effective date of the dissolution in this case. Notwithstanding that, we cannot merely ignore the clear language of the statute requiring that notices occur *after* the effective date of dissolution. Any argument that, at least in cases like this, this requirement should not apply should be taken to the Legislature.