*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* F. NIKOOYI, Minor.

FOR PUBLICATION
May 12, 2022
9:05 a.m.

No. 358717
Macomb Circuit Court
Family Division
LC No. 2021-000218-NA

Before: JANSEN, P.J., and SAWYER and RIORDAN, JJ.

PER CURIAM.

Petitioner appeals as of right the trial court's dismissal, for lack of standing, his petition to initiate child protective proceedings against respondents regarding their care of his minor sister, FN. We reverse and remand for consideration of the petition on its merits.

## I. FACTUAL BACKGROUND

Petitioner, respondents' adult child and FN's sibling, filed a petition to initiate child protective proceedings against respondents alleging they were unfit to raise FN without state supervision. According to petitioner, his upbringing with respondents was mentally abusive and dysfunctional, and court intervention was necessary to save FN from the same. Petitioner alleged respondents often screamed at him, locked him out of his room, called him rude names, destroyed his belongings, denied him social interactions, and called the police on him for no reason. Petitioner alleged FN was present for many of these events, and respondents displayed much of the same behavior toward FN. Petitioner asserted "state jurisdiction is the only option" to protect FN from respondents' "cruel disregard and manipulative behavior." Consequently, petitioner requested the trial court order supervision of FN's psychological development and unspecified "treatment" for respondents.

At a preliminary inquiry regarding the petition, petitioner acknowledged he was not a guardian of FN, but maintained anyone who suspects a child's home environment is unsafe may initiate child protective proceedings. The trial court dismissed the petition with prejudice for lack of standing because petitioner was unable to provide legal support to demonstrate he had standing to initiate child protective proceedings. Shortly thereafter, petitioner filed a motion for

reconsideration alleging MCL 712A.11 provided him standing, and the trial court dismissed the motion because no new facts were alleged. Petitioner now appeals as of right.

## II. ANALYSIS

Petitioner argues he had standing to file the petition because any person may initiate child protective proceedings. Petitioner also argues the trial court abused its discretion by failing to consider the merits of the petition because he provided sufficient evidence to demonstrate respondents created an unfit home environment for FN. We agree that dismissal of the petition constituted error requiring reversal.

## A. STANDARDS OF REVIEW AND BACKGROUND LAW

Because a trial court has discretion to dismiss or authorize a petition to initiate child protective proceedings, or to refer the matter to alternative services, MCR 3.962(B), this Court reviews for an abuse of discretion the trial court's decision to dismiss a petition following a preliminary inquiry. See *In re Jackson*, 199 Mich App 22, 25; 501 NW2d 182 (1993) (explaining this Court reviews for an abuse of discretion a trial court's discretionary rulings). "An abuse of discretion occurs when the trial court chooses an outcome falling outside the range of principled outcomes." *In re COH*, 495 Mich 184, 202; 848 NW2d 107 (2014). The trial court "necessarily abuses its discretion when it makes an error of law." *In re Portus*, 325 Mich App 374, 381; 926 NW2d 33 (2018) (quotation marks and citation omitted). This Court reviews de novo the interpretation and application of statutes and court rules—using the same principles to interpret both. *In re Sanders*, 495 Mich 394, 404; 852 NW2d 524 (2014).

"Absent exigent circumstances, a request for court action to protect a child must be in the form of a petition." MCR 3.961(A). A petition is merely "a complaint or other written allegation . . . that a parent . . . has harmed or failed to properly care for a child." MCR 3.903(A)(20). A petitioner is "*the person* or agency who requests the court to take action." MCR 3.903(A)(22) (emphasis added). The petition must contain: (1) the child's name, address, and date of birth; (2) the names and addresses of the child's parents; (3) "[t]he essential facts that constitute an offense against the child under the Juvenile Code," MCL 712A.1 *et seq*.; (4) a jurisdictional basis; (5) whether the child has any membership in an Indian tribe; and (6) "[t]he type of relief requested." MCR 3.961(B)(1) to (6). A trial court may exercise jurisdiction over a child:

> (1) Whose parent or other person legally responsible for the care and maintenance of the juvenile, when able to do so, neglects or refuses to provide proper or necessary support, education, medical, surgical, or other care necessary for his or her health or morals, who is subject to a substantial risk of harm to his or her mental well-being, who is abandoned by his or her parents, guardian, or other custodian, or who is without proper custody or guardianship. . . .

> * * *

> (2) Whose home or environment, by reason of neglect, cruelty, drunkenness, criminality, or depravity on the part of a parent, guardian, nonparent

-2-

adult, or other custodian, is an unfit place for the juvenile to live in. [MCL 712A.2(b)(1) and (2).[1]]

"[I]f *a person* gives information *to the court* that a juvenile is within . . . [MCL 712A.2(b)], a preliminary inquiry may be made to determine whether the interests of the public or the juvenile require that further action be taken." MCL 712A.11(1) (emphasis added). A trial court may also "conduct a preliminary inquiry to determine the appropriate action to be taken on a petition" that "is not accompanied by a request for placement of the child and the child is not in temporary custody."[2] MCR 3.962(A). The preliminary inquiry is "an informal review," MCR 3.903(A)(23), at which the trial court may: (1) deny authorization of the petition; (2) refer the matter to alternative services; or (3) authorize the filing of the petition if there is probable cause—"established with such information and in such a manner as the court deems sufficient"—to believe one or more of the allegations is true, MCR 3.962(B)(1) to (3). If the trial court authorizes the petition, it must hold an adjudicative hearing to determine whether to exercise jurisdiction over the child, thereby "divest[ing] the parent of her constitutional right to parent her child and giv[ing] the state that authority instead." *In re Ferranti*, 504 Mich 1, 15-16; 934 NW2d 610 (2019).

## B. PETITIONER HAD STANDING TO INITIATE CHILD PROTECTIVE PROCEEDINGS

The trial court erroneously dismissed the petition for lack of standing, and this amounted to error requiring reversal.

"Statutory language should be construed reasonably" in light of "the purpose of the statute . . . [and] the specific language of the statute." *In re Jagers*, 224 Mich App 359, 362; 568 NW2d 837 (1997). Because " '[t]he purpose and focus of a neglect or abuse proceeding in the juvenile division of the probate court is the protection of children[,] . . . proceedings may be initiated by *anyone* who has information that a child is in need of the court's protection.' " *Id*. at 362-363, quoting *People v Gates*, 434 Mich 146, 161; 452 NW2d 627 (1990). Though the statutes and court rules governing initiation of child protective proceedings do not define "person," their plain language does not restrict who may initiate proceedings or request a preliminary inquiry, and courts may not judicially construe statutory language that is "clear and unambiguous." *Jagers*, 224 Mich App at 362. MCL 712A.11(1) permits a trial court to conduct a preliminary inquiry pursuant to information from "a person," and MCR 3.903(A)(22) defines a petitioner as "*the person* or agency *who requests the court to take action*." (Emphasis added.) Thus, it is clear *anyone* who complies with MCR 3.961(B)'s petition requirements has standing to initiate child

---

[1] Amendments to the Juvenile Code that took effect on October 1, 2021, did not alter the relevant portion of the statutes in effect when petitioner filed the petition.

[2] " 'Placement' means court-approved transfer of physical custody of a child to foster care, a shelter home, a hospital, or a private treatment agency." MCR 3.903(C)(10).

protective proceedings, thereby allowing the trial court to consider the merits of the petition at a preliminary inquiry.[3]

If the Legislature wanted to restrict who may initiate child protective proceedings, it would have done so statutorily—as it did with termination-of-parental-rights proceedings. Only the following are statutorily authorized to petition for termination of parental rights: DHHS, the child, the child's guardian or legal custodian, the child's foster parent, the state children's ombudsman, or the prosecuting attorney. MCR 3.977(A)(2); MCL 712A.19b(6); *In re Medina*, 317 Mich App 219, 235-236; 894 NW2d 653 (2016) (explaining who may seek termination of parental rights). "Under the doctrine of *expressio unius est exclusio alterius* (the expression of one thing is the exclusion of another), the specification in a statute of one particular class excludes all other classes." *Smitter v Thornapple Twp*, 494 Mich 121, 137 n 34; 833 NW2d 875 (2013). By specifically outlining who may petition for termination of parental rights, the Legislature implicitly prohibited any others from doing so. Conversely, by allowing any "person" to initiate child protective proceedings, the Legislature expressly provided anyone who has knowledge of potential child abuse or neglect with standing to request court action to protect the child. To read the law regarding initiation of child protective proceedings any more restrictively would ignore both the plain language and expansive purpose of the Juvenile Code. See *Jagers*, 224 Mich App at 362 (explaining the "Juvenile Code should be liberally construed" to carry out its purpose of protecting children).

Under the plain language of the law, this Court has held a prosecutor "assuredly qualifies as 'a person'" and, therefore, may initiate child protective proceedings. *Jagers*, 224 Mich App at 362. Similarly, the adult sibling of a minor assuredly qualifies as a person and may initiate proceedings to protect the minor. Consequently, given the plain meaning of MCL 712A.11(1), petitioner had standing to file the petition to initiate child protective proceedings against his parents regarding their care of FN.

In addition to having standing, petitioner's petition contained the necessary components, including: (1) FN's name, address, and age; (2) respondent's names and address; (3) a description of "essential facts" alleging FN was subject to abuse, neglect, or an unfit home environment under MCL 712A.2(b)(1) and (2); and (4) a request for supervision of NF's psychological development and treatment for respondents. MCR 3.961(B)(1) to (6) (explaining the necessary components of a petition to initiate child protective proceedings). Because petitioner did not request any form of

---

[3] In *Ferranti*, 504 Mich at 14-15, our Supreme Court cited to MCL 712A.11(1) to support the proposition that "[a]ny person who suspects child abuse or neglect may report their concerns to the Department [of Health and Human Service (DHHS)]," and DHHS may then file a petition with the trial court. Given the language of MCL 712A.11(1)—which does not reference DHHS at all— the Court's statement implies (1) multiple persons or entities have standing under the statute to initiate child protective proceedings and (2) such proceedings may be initiated by alerting DHHS *or* the trial court. Similarly, although the Court stated in *Sanders*, 495 Mich at 405, that "*the state must file*" a petition to initiate a child protective proceeding, it appears the Court merely used this phrase as a shorthand in the context of a case wherein DHHS happened to file the petition. (Emphasis added.)

placement for FN or termination of respondents' parental rights, the trial court had discretion to dismiss the petition after a preliminary inquiry. MCL 712A.11(1); MCR 3.962(A) and (B). The trial court necessarily abused its discretion, however, by erroneously dismissing the petition for lack of standing. *Portus*, 325 Mich App at 381 (explaining a trial court abuses its discretion when it makes an error of law).

Because petitioner filed a valid petition to initiate child protective proceedings, the trial court was obliged to consider the merits of the petition and make a discretionary ruling regarding how to proceed. In failing to do so, the trial court's erroneous dismissal of the petition for lack of standing directly impacted the outcome of the case by eliminating the possibility of further child protective proceedings. Consequently, reversal is warranted for the trial court to consider the petition's merits and to make a discretionary decision about how to proceed with the petition under MCR 3.962(B). See *In re Williams*, 333 Mich App 172, 181; 958 NW2d 629 (2020) (explaining outcome-decisive errors require reversal).

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Kathleen Jansen
/s/ David H. Sawyer
/s/ Michael J. Riordan