### SOBERG *v.* SANDERS.

1. PARTNERSHIP — PARTNERS JOINTLY AND SEVERALLY LIABLE IN TORT ACTION UNDER COMMON LAW.

    Under the common law, the members of a partnership firm are jointly and severally liable for the tortious act of one of the partners, or of an agent or servant of the partnership, if committed in the course of his employment.

2. SAME — UNIFORM PARTNERSHIP ACT — CONSTRUCTION — "DEBT" AND "OBLIGATION" HAVE REFERENCE TO CONTRACTUAL RELATION.

    An unliquidated claim for damages for personal injuries alleged to have been caused by the negligent operation of a truck owned by a partnership is not a "debt" or

"obligation" of the partnership within the meaning of said words as used in the uniform partnership act (section 15b, Act No. 72, Pub. Acts 1917), making the partners jointly liable therefor, but they have reference to such obligations as arise out of the contractual relation which exists among partners.

3. SAME—PARTNER INDIVIDUALLY LIABLE FOR PERSONAL INJURIES CAUSED BY PARTNERSHIP TRUCK.

A partner is individually liable for damages for personal injuries caused by the negligent operation of a truck owned by the partnership; the common-law rule to this effect not having been abrogated by the provisions of the uniform partnership act (Act No. 72, Pub. Acts 1917).

4. EVIDENCE—TESTIMONY ELICITED ON CROSS-EXAMINATION TO BE TREATED AS EVIDENCE AND MUST BE CONSIDERED WITH THAT GIVEN ON DIRECT-EXAMINATION.

While testimony elicited on cross-examination must be treated as evidence given on the part of the party calling the witness, it must all be considered in determining the fact in dispute.

5. NEGLIGENCE—EVIDENCE—QUESTION FOR JURY.

In an action for personal injuries caused by a truck running over plaintiff's leg after he had fallen to the pavement, testimony by him on examination and re-examination that when he fell the truck was standing at the curb 12 or 15 feet distant, held, to present a question of fact for the jury notwithstanding he testified on cross-examination that, after passing the truck, he did not again observe it until it was upon him.

Error to Wayne; North (Walter H.), J., presiding. Submitted April 26, 1928. (Docket No. 80, Calendar No. 33,493.) Decided July 24, 1928.

Case by Joseph Soberg against Fred Sanders for personal injuries. Judgment for defendant on a directed verdict. Plaintiff brings error. Reversed.

*Walter M. Nelson,* for appellant.

*Kerr, Lacey & Scroggie,* for appellee.

SHARPE, J.    Edwin Sanders, John Miller, and Fred
W. Sanders are engaged in business in Detroit as co-
partners under the name of Fred Sanders.    On the
evening of December 5, 1923, the left front wheel of
a truck owned by the partnership ran over plaintiff's
legs, resulting in a somewhat serious injury to him,
to recover for which he brought this action against
Fred Sanders personally.    At the conclusion of plain-
tiff's proofs, the trial court directed a verdict for de-
fendant, for the reason that he was not individually
liable in damages to the plaintiff.    Plaintiff seeks re-
view of the judgment entered thereon by writ of
error.

1. Defendant's Personal Liability.    Under the com-
mon law the members of a partnership firm are jointly
and severally liable for the tortious act of one of the
partners, or of an agent or servant of the partnership,
if committed in the course of his employment.    30
Cyc. p. 536; 20 R. C. L. p. 914; Baldwin on Personal
Injuries (2d Ed.), 34; Rowley, Modern Law of Part-
nership, 1120, 1121; *Roberts* v. *Johnson,* 58 N. Y.
613; *Sunlin* v. *Skutt,* 133 Mich. 208.

Counsel for the defendant, however, insist that this
rule is abrogated by the provisions of our uniform
partnership act (Act No. 72, Pub. Acts 1917 [Comp.
Laws Supp. 1922, § 7966]).    Sections 13, 14, and 15
are relied on:

"SECTION 13.    (Partnership Bound by Partner's
Wrongful Act.)    Where, by any wrongful act or
omission of any partner acting in the ordinary course
of the business of the partnership, or with the author-
ity of his copartners, loss or injury is caused to any
person, not being a partner in the partnership, or any
penalty is incurred, the partnership is liable therefor
to the same extent as the partner so acting or omitting
to act.

"SEC. 14.    (Partnership Bound by Partner's Breach
of Trust.)    The partnership is bound to make good
the loss:

"(*a*) Where one partner acting within the scope of his apparent authority receives money or property of a third person and misapplies it and

"(*b*) Where the partnership in the course of its business receives money or property of a third person and the money or property so received is misapplied by any partner while it is in the custody of the partnership.

"SEC. 15. (Nature of Partner's Liability.) All partners are liable:

"(*a*) Jointly and severally for everything chargeable to the partnership under sections thirteen and fourteen;

"(*b*) Jointly for all other debts and obligations of the partnership but any partner may enter into a separate obligation to perform a partnership contract."

Under (*a*) of section 15 the partners are jointly and severally liable "for everything chargeable to the partnership under sections thirteen and fourteen." Under (*b*) of this section they are liable "jointly for all other debts and obligations of the partnership." Counsel for the defendant contend that the claim here made by plaintiff is a debt or obligation within the meaning of these words as here used. Clearly, it is not a debt owing by the defendant personally, or by the members of the firm. *Lockhart* v. *Van Alstyne,* 31 Mich. 76 (18 Am. Rep. 156) ; *Morrow* v. *Murphy,* 120 Mich. 204; *Barney* v. *Insurance Exchange,* 240 Mich. 199.

Is it an obligation? While an obligation rests upon every person to perform the duties imposed on him by law, we are impressed that as here used it refers to such obligations as arise out of the contractual relation which exists among partners. In the *Lockhart Case,* it was said:

"A debt is that which one person is bound to pay to another, either presently or at some future period; something which may be the subject of a suit as a debt, and not something to which the party may be entitled as damages in consequence of a failure to perform a duty or keep an engagement."

We have here a disputed claim, unliquidated, not arising out of contract; one which the defendant was under no legal obligation to pay until his liability had become fixed by a judgment rendered against him. When sued upon, it was not a debt or obligation of the partnership within the meaning of these terms as used in this section. These words have a well-recognized meaning in matters arising out of contract, but are rarely, if ever, used when speaking of a claim arising out of a tort or wrongful act. The statute but restates the holding of this court that "the liability of partners on a firm obligation is joint, not several." *Stewart* v. *Terwilliger,* 177 Mich. 313 (Ann. Cas. 1915C, 808). Whether under section 18 the partnership must indemnify the defendant in respect of any payment he may be required to make arising out of such claim is not before us for decision.

2. Negligence of the Driver. Plaintiff testified that, when crossing Griswold street in Detroit at its intersection with Grand River avenue, he saw a truck standing near the curb about 12 or 15 feet distant; that, when near the street railway track, he was run into and knocked down by a man going in the opposite direction, and that, after he fell, the truck started up and ran over and injured one of his legs. On cross-examination he testified that, after passing the truck, he did not again observe it until it was upon him. On re-examination he again testified that it was standing at the curb when he fell. While testimony elicited on cross-examination must be treated as evidence given on the part of the party calling the witness (*Wilson* v. *Wagar,* 26 Mich. 452), it must all be considered in determining the fact in dispute. *Perkins* v. *Holser,* 213 Mich. 579. When so considered, the testimony of plaintiff presented a question of fact. Where was the truck at the time plaintiff fell upon the crossing? *Goonen* v. *Railroad Co.,* 218 Mich. 502, and cases cited;

243—Mich.—28.

*Robertson* v. *Budzier*, 229 Mich. 619; *Steinberg* v. *Lumber & Wrecking Co.*, 238 Mich. 181.

The judgment is reversed and set aside and a new trial ordered, with costs to plaintiff.

Fead, C. J., and Fellows, Wiest, Clark, McDonald, and Potter, JJ., concurred.    North, J., did not sit.