*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

KEN FREEMAN and K & K EXCAVATING
CONSTRUCTION AND RENTALS, INC.,

Plaintiffs-Appellees,

UNPUBLISHED
July 23, 2020

v

VINCENT DILORENZO, TWIN RIVER
DEVELOPMENT LIMITED PARTNERSHIP, TDL
CONSTRUCTION COMPANY, formerly known as
D & T CONSTRUCTION COMPANY, and
FANELLI, INC.,

Defendants-Appellants.

No. 348115
Macomb Circuit Court
LC No. 2017-004164-CK

Before: MARKEY, P.J., and M. J. KELLY and BOONSTRA, JJ.

PER CURIAM.

Plaintiffs Ken Freeman and K & K Excavating Construction and Rentals, Inc. (K & K Excavating) sued defendants Vincent DiLorenzo, Twin River Development Limited Partnership (Twin River Development), TDL Construction Company, and Fanelli, Inc., alleging, in pertinent part, claims for account stated and breach of contract. Plaintiffs alleged that Twin River Development failed to pay K & K Excavating for construction work it performed. Following discovery, plaintiffs moved for summary disposition under MCR 2.116(C)(10), arguing that they were entitled to a judgment in their favor as a matter of law on the account-stated and breach-of-contract claims. The trial court entered judgment in favor of plaintiffs and against defendants, jointly and severally, in the amount of $49,245 plus taxable costs. Defendants appeal as of right. We affirm.

Pursuant to MCR 2.116(G)(1)(a)(*ii*), defendants were required to file and serve their response to plaintiffs' motion "at least 7 days before the hearing," unless the trial court set a different deadline. The trial court did not do so, and defendants did not timely file their response. Instead, they waited until 4:44 p.m. on Friday, November 2, 2018, to file their response to a motion that was set for a hearing on the following Monday morning, November 5, 2018. Because defendants' response was not filed on time, the trial court was permitted, but not required, to

consider it. See *Prussing v Gen Motors Corp*, 403 Mich 366, 369-370; 269 NW2d 181 (1978). The trial court chose not to consider the response, which left plaintiffs' motion unopposed.[1]

> MCR 2.116(G)(4) provides in relevant part:
>
> When a motion under subrule (C)(10) is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his or her pleading, but must, by affidavits or as otherwise provided in this rule, set forth specific facts showing that there is a genuine issue for trial. *If the adverse party does not so respond, judgment, if appropriate, shall be entered against him or her.* [Emphasis added.]

Based on our review of plaintiffs' motion, it is apparent that the motion was "made and supported as provided in" MCR 2.116(C)(1). "A party claiming a breach of contract must establish by a preponderance of the evidence (1) that there was a contract, (2) that the other party breached the contract and, (3) that the party asserting breach of contract suffered damages as a result of the breach." *Miller-Davis Co v Ahrens Constr, Inc (On Remand)*, 296 Mich App 56, 71; 817 NW2d 609 (2012), rev'd in part on other grounds 495 Mich 161 (2014). In support of their motion, plaintiffs submitted documentary evidence demonstrating (1) that DiLorenzo, on Twin River Development's behalf, accepted K & K Excavating's bids for construction work; (2) that K & K Excavating completed 60% of the first contract and 100% of the second contract; (3) that K & K Excavating was precluded from completing its work on the first contract because of permit-related issues; (4) that K & K Excavating sent Twin River Development an invoice; (5) that defendants never objected to the invoice; (6) and that defendants never paid that invoice. This established a breach of contract. The same evidence was also sufficient to establish the account-stated claim. See *Keywell & Rosenfeld v Bithell*, 254 Mich App 300, 331; 657 NW2d 759 (2002) (stating that "[i]n order to demonstrate that its fees for its services to the [defendants] had become an account stated, [plaintiff] had to prove that the [defendants] either expressly accepted the bills by paying them or failed to object to them within a reasonable time."). Therefore, plaintiffs properly supported their motion for summary disposition under MCR 2.116(C)(10).

Because the motion was properly supported, MCR 2.116(G)(4) required defendants to, "by affidavits or as otherwise provided in [MCR 2.116], set forth specific facts showing that there is a genuine issue for trial. Yet, as noted above, their untimely response was not considered by the trial court.[2] "If the opposing party fails to present documentary evidence establishing the existence

---

[1] On appeal, defendants do not challenge the court's decision to not consider their response. As a result, the issue is not properly before this Court, and we decline to review it. See *Grand Rapids Employees Indemnity Union v City of Grand Rapids*, 235 Mich App 398, 409; 597 NW2d 284 (1999).

[2] During oral argument on plaintiffs' summary disposition motion, defendants asked the trial court to consider a previously filed affidavit by DiLorenzo. Assuming without deciding that defendants could rely on this affidavit, asserting that K & K Excavating did not perform its obligations under the relevant contracts, DiLorenzo's assertions regarding what K & K Excavating did and did not do squarely contradict his deposition testimony that he was unaware of what K & K Excavating

of a material factual dispute, the motion is properly granted." *Smith v Globe Life Ins Co*, 460 Mich 446, 455; 597 NW2d 28 (1999). Thus, by not filing a timely response to plaintiffs' motion, defendants did not present sufficient documentary evidence to create a genuine issue of material fact and summary disposition was properly granted in plaintiffs' favor.

On appeal, defendants neglect to mention their failure to file a timely response to plaintiffs' motion for summary disposition or the trial court's decision not to consider their untimely response.[3] Rather, they take the position that the trial court did not understand the relevant standard under MCR 2.116(C)(10). This position is not supported by the record. The trial court considered the evidence properly before it and, applying the correct standard, determined that summary disposition was warranted.

Defendants also suggest that it is a mystery how all four defendants could be held jointly and severally liable for Twin River Development's actions. However, plaintiffs and the trial court reached that conclusion based on defendants' partnership-based relationships with one another. "Under the common law the members of a partnership firm are jointly and severally liable for the tortious act of one of the partners, or of an agent or servant of the partnership, if committed in the course of his employment." *Soberg v Sanders*, 243 Mich 429, 431; 220 NW 781 (1928). Defendants do not address this reasoning on appeal, and we discern no reversible error in the court's decision.

In sum, Michigan law is clear that a trial court has the authority to grant a properly supported motion for summary disposition under MCR 2.116(C)(10) when the nonmoving party fails to file a timely response with evidence creating a genuine issue of material fact. That is precisely what happened here: Defendants did not file a timely response to plaintiffs' motion, and effectively left plaintiffs' version of events undisputed. The trial court was persuaded by that undisputed version of events. Defendants do not address, much less persuasively challenge, the trial court's decision not to consider their response. And, even if they had, defendants have not

---

did. "This Court has held that parties may not contrive factual issues merely by asserting the contrary in an affidavit after having given damaging testimony in a deposition." *Dykes v William Beaumont Hosp*, 246 Mich App 471, 480; 633 NW2d 440 (2001). While the affidavit preceded the testimony, DiLorenzo's assertions regarding what work was and was not performed are squarely undermined by his deposition testimony.

[3] MCR 7.212(C)(6) ("A statement of facts . . . must be a clear, concise, and chronological narrative. *All material facts, both favorable and unfavorable, must be fairly stated without argument or bias*.") (emphasis added). The evidence actually and properly before the trial court when it decides a motion for summary disposition is, unsurprisingly, a material fact. This Court's review of a trial court's decision on a summary disposition motion is made based upon the evidence actually submitted to the trial court, not based upon whether the trial court's decision is erroneous in light of evidence not properly submitted to the court.

been able to undermine the trial court's ultimate decision. Accordingly, we affirm the trial court's summary-disposition decision and the judgment entered in plaintiffs' favor.[4]

Affirmed. Plaintiffs may tax costs. MCR 7.219(A).

/s/ Jane E. Markey
/s/ Michael J. Kelly
/s/ Mark T. Boonstra

---

[4] To the extent that defendants may be arguing that the trial court abused its discretion by denying their motion for reconsideration, their argument is without merit. As this Court has recognized before, a trial court does not abuse its discretion when it denies a motion for reconsideration that relies on evidence that could have been presented the first time the issue was argued. *Churchman v Rickerson*, 240 Mich App 223, 233; 611 NW2d 333 (2000) ("However, we can find no abuse of discretion in the denial of a motion for reconsideration that rests on testimony that could have been presented the first time the issue was argued.").