*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JONATHON DRAKE,

        Plaintiff-Appellant,

v

PLUM HOLLOW LANES, INC., and VOIGHT
ENTERPRISES, INC.,

        Defendants-Appellees.

UNPUBLISHED
February 8, 2024

No. 363347
Oakland Circuit Court
LC No. 2021-189106-NO

Before: GADOLA, C.J., and MURRAY and YATES, JJ.

PER CURIAM.

In this premises liability action, plaintiff appeals as of right the order granting summary disposition under MCR 2.116(C)(10) (no genuine issue of material fact) to defendants, Plum Hollow Lanes, Inc. (Plum Hollow Lanes), and its parent company, Voight Enterprises, Inc. (Voight Enterprises). On appeal, plaintiff contends the trial court erred in barring his claims on the basis of corporate dissolution because: (1) defendants failed to provide notice of dissolution; (2) plaintiff's claim was not contingent at the time of defendants' dissolution; and (3) the doctrine of equitable estoppel should be applied to prevent defendants from avoiding plaintiff's claim. We reverse and remand.

## I. BACKGROUND FACTS AND PROCEDURAL HISTORY

This cause of action arises out of plaintiff's slip and fall that occurred on or about July 21, 2018, at Plum Hollow Lanes. Plaintiff alleged injuries from the fall involving his knee, ankle, leg, feet, hip, neck, and back, as well as emotional and psychological injuries.

Diane Voight was president, treasurer, secretary, and director of Plum Hollow Lanes and Voight Enterprises. Certificates of dissolution were completed for both entities on December 13, 2019. The certificates of dissolution are marked as received by the Department of Licensing and Regulatory Affairs (LARA) on December 18, 2019, and filed on December 19, 2019, with LARA records indicating the entities were dissolved on December 19, 2019. Concerning these dissolutions, Voight averred:

-1-

7. That as of January 22, 2020 (the date upon which the final corporate tax returns were mailed), Voight Enterprises, Inc., had collected its assets; sold or otherwise transferred assets which were not to be distributed in kind to its shareholders; paid its debts and other liabilities; and had performed all other acts incident to liquidation of its business and affairs.

8. That as of January 22, 2020 (the date upon which the final corporate tax returns were mailed), Plum Hollow Lanes, Inc., had collected its assets; sold or otherwise transferred assets which were not to be distributed in kind to its shareholders; paid its debts and other liabilities; and had performed all other acts incident to liquidation of its business and affairs.

9. That by January 22, 2020, Voight Enterprises, Inc., had finished liquidating its business and had completed winding up its affairs.

10. That by January 22, 2020, Plum Hollow Lanes, Inc., had finished liquidating its business and had completed winding up its affairs.

On July 20, 2021, within the 3-year statute of limitations applicable to this action, MCL 600.5805(2), plaintiff filed his complaint, alleging defendants' negligence caused his injuries while he was on their premises as an invitee. After discovery, defendants moved for summary disposition under MCR 2.116(C)(10) on two distinct theories. First, defendants argued plaintiff could not establish a premises liability cause of action because the hazard was open and obvious. Second, defendants argued because both entities were dissolved, liquidated, and had wound up their respective affairs before the filing of plaintiff's complaint, no cause of action could be maintained against defendants.

Plaintiff responded to the motion regarding corporate dissolution, arguing defendants failed to provide notice to defendant of their dissolution under the Business Corporation Act, MCL 450.1101, *et seq*. Plaintiff also argued his claim was an existing and known claim at the time of dissolution, and not a contingent claim, and could not be barred without actual notice, which plaintiff did not receive until after he filed his complaint.

Defendants replied notice was not required under the Business Corporation Act. Defendants also argued that at the time of dissolution plaintiff's claim was contingent on litigation being filed, liability being found, and damages being awarded, and had no bearing on defendants' ability to wind up their affairs.

At a hearing, the trial court granted the motion on the basis of corporate dissolution, eliminating the need for argument on the issue of premises liability. Plaintiff moved for reconsideration, which the trial court denied. This appeal followed.

## II. STANDARD OF REVIEW

We review summary disposition rulings de novo. *Grossman v Brown*, 470 Mich 593, 598; 685 NW2d 198 (2004). This Court reviews a motion for summary disposition on appeal in the

same way the trial court was obligated to review it. See *Bronson Methodist Hosp v Auto-Owners Ins Co*, 295 Mich App 431, 440; 814 NW2d 670 (2012).

Summary disposition under MCR 2.116(C)(10) is warranted when "[e]xcept as to the amount of damages, there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." MCR 2.116(C)(10). When moving under MCR 2.116(C)(10), the moving party has the initial burden to identify "the issues as to which the moving party believes there is no genuine issue as to any material fact." MCR 2.116(G)(4); see also *Lowrey v LMPS & LMPJ, Inc*, 500 Mich 1, 8-9; 890 NW2d 344 (2016). If the moving party properly asserts and supports its motion for summary disposition, the "burden then shifts to the opposing party to establish that a genuine issue of disputed fact exists," and they cannot do this by relying on mere allegations or denials in their pleadings. *Quinto v Cross & Peters Co*, 451 Mich 358, 362; 547 NW2d 314 (1996). "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003); see also *Allison v AEW Capital Mgmt, LLP*, 481 Mich 419, 425; 751 NW2d 8 (2008).

A motion for summary disposition under MCR 2.116(C)(10) tests the factual support for a claim. *Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999). In considering a motion for summary disposition, the court need only consider the evidence identified by the parties. See *Barnard Mfg Co v Gates Performance Engineering, Inc*, 285 Mich App 362, 377; 775 NW2d 618 (2009). "A court may only consider substantively admissible evidence actually proffered relative to a motion for summary disposition under MCR 2.116(C)(10)." *Pioneer State Mut Ins for Publ'n Co v Dells*, 301 Mich App 368, 377; 836 NW2d 257 (2013). The court must consider the pleadings, affidavits, depositions, admissions, and other documentary evidence submitted in the light most favorable to the nonmoving party, MCR 2.116(G)(5); *Joseph v Auto Club Ins Ass'n*, 491 Mich 200, 206; 815 NW2d 412 (2012), and must draw all reasonable inferences in favor of the nonmoving party, *Dextrom v Wexford County*, 287 Mich App 406, 415-416; 789 NW2d 211 (2010). The trial court may not make findings of fact or weigh credibility in deciding a motion for summary disposition. *Patrick v Turkelson*, 322 Mich App 595, 605; 913 NW2d 369 (2018).

We also review de novo whether the trial court properly interpreted relevant statutes. *Makowski v Governor*, 317 Mich App 434, 441; 894 NW2d 753 (2016). "The role of [the] Court in interpreting statutory language is to ascertain the legislative intent that may be reasonably inferred from the words of the statute." *Mich Ass'n of Home Builders v City of Troy*, 504 Mich 204, 212; 934 NW2d 713 (2019) (quotation marks and citations omitted). "Statutory provisions must be read in the context of the entire act, giving every word its plain and ordinary meaning." *Driver v Naini*, 490 Mich 239, 247; 802 NW2d 311 (2011). "If the statute's language is clear and unambiguous, we assume that the Legislature intended its plain meaning, and we enforce the statute as written." *Rouch World, LLC v Dep't of Civil Rights*, 510 Mich 398, 410; 987 NW2d 501 (2022).

We review a ruling on a motion for reconsideration for an abuse discretion. *Corporan v Henton*, 282 Mich App 599, 605; 766 NW2d 903 (2009). An abuse of discretion occurs when the trial court's decision is outside the range of reasonable and principled outcomes. *Id*. at 605-606.

## III. ANALYSIS

The trial court erred in granting summary disposition on the basis of corporate dissolution because there remained a question of fact whether defendants wound up affairs before plaintiff brought his claim, which existed before defendants' dissolution.

The Business Corporation Act provides for the organization and regulation of corporations. Specifically, MCL 450.1801 addresses methods of corporate dissolution. MCL 450.1801(1) states:

A corporation may be dissolved in any of the following ways:

(a) Automatically by expiration of a period of duration to which the corporation is limited by its articles of incorporation.

(b) By action of the incorporators or directors under section 803.

(c) By action of the board and the shareholders under section 804.

(d) Pursuant to an agreement under section 488, effected by filing a certificate under section 805.

(e) By a judgment of the circuit court in an action brought under this act or otherwise.

(f) Automatically, under section 922, for failure to file an annual report or pay the filing fee. [MCL 450.1801(1).]

The certificates of dissolution indicate the dissolutions of defendant entities were "proposed and approved . . . at a meeting of the shareholders or members, held on the 13th day of December, 2019 at 37485 Schoolcraft Rd., Livonia MI 48150." This dissolution falls under MCL 450.1801(1)(c), of which MCL 450.1804, in pertinent part, specifies:

(2) A corporation's board may propose dissolution of a corporation for action by the shareholders.

* * *

(5) A proposed dissolution of a corporation shall be submitted for approval at a meeting of shareholders. . . .

(6) At the meeting described in subsection (5), the shareholders shall vote on the proposed dissolution. The dissolution is approved if it receives the affirmative vote of the holders of a majority of the outstanding shares of the corporation entitled to vote on the dissolution.

-4-

(7) If the dissolution of a corporation is approved, it shall be effected by the execution and filing of a certificate of dissolution on behalf of the corporation that states all of the following:

(a) The name of the corporation.

(b) The date and place of the meeting of shareholders at which the dissolution was approved.

(c) A statement that dissolution was proposed and approved by the requisite vote of the board and shareholders. [MCL 450.1804(2) and (5) through (7).]

MCL 450.1831 states a corporation is dissolved when "[a] certificate of dissolution is filed pursuant to [MCL 450.1803, MCL 450.1804, or MCL 450.1805]." MCL 450.1831(b). Regarding a dissolved corporation, MCL 450.1833 states:

Except as a court may otherwise direct, a dissolved corporation shall continue its corporate existence but shall not carry on business except for the purpose of winding up its affairs by:

(a) Collecting its assets.

(b) Selling or otherwise transferring, with or without security, assets which are not to be distributed in kind to its shareholders.

(c) Paying its debts and other liabilities.

(d) Doing all other acts incident to liquidation of its business and affairs. [MCL 450.1833.]

Relatedly, MCL 450.1834 states, in pertinent part:

Subject to [MCL 450.1833] and except as otherwise provided by court order, a dissolved corporation, its officers, directors and shareholders shall continue to function in the same manner as if dissolution had not occurred. Without limiting the generality of this section:

* * *

(e) The corporation may sue and be sued in its corporate name and process may issue by and against the corporation in the same manner as if dissolution had not occurred.

(f) An action brought against the corporation before its dissolution does not abate because of the dissolution. [MCL 450.1834(e) and (f).]

This Court interpreted MCL 450.1833 and MCL 450.1834 in *Flint Cold Storage v Dep't of Treasury*, 285 Mich App 483; 776 NW2d 387 (2009). In that case, the plaintiff, a corporation

dissolved 32 years earlier, filed suit to recover funds from the Michigan Department of Treasury's Unclaimed Property Division. *Id*. at 486-487. The Department of Treasury moved for summary disposition, arguing the plaintiff lacked the capacity to sue because it no longer existed as a legal entity. *Id*. at 489. After the trial court granted summary disposition to the Department of Treasury, the plaintiff appealed. *Id*. at 490.

Reading MCL 450.1833 and MCL 450.1834 together, this Court concluded: "[A] dissolved Michigan corporation may continue to exist beyond its date of dissolution only until it has concluded 'winding up its affairs,' " and this end of the winding up process represented "a point in time when a dissolved corporation is terminated and ceases to exist for all purposes." *Id*. at 495-496. Further defining this inflection point, this Court found:

> As noted previously, a dissolved corporation may continue to sue and be sued in its corporate name . . . in the same manner as if dissolution had not occurred. But once a dissolved corporation has finished winding up its affairs, its existence is terminated and it ceases to exist for all purposes. The general rule is that after the . . . *termination of the existence of a corporation*, no action can be maintained against it, and it has no capacity to sue. We conclude that once the existence of a dissolved corporation has terminated, it loses the powers enumerated in MCL 450.1833 and 450.1834, including the power to sue and be sued. . . . [*Id*. at 498 (quotation marks and citations omitted) (emphasis in original).]

Defendants contend they wound up their affairs in January 2020, 18 months after plaintiff's fall, and 18 months before plaintiff filed his complaint, and offer Voight's affidavit in support. Plaintiff presents no evidence to contest the contention that defendants' affairs, other than the contested liability associated with plaintiff's claims, were wound up at that time. However, we are not persuaded that defendants had effectively wound up their affairs in January 2020, given their choice not to take advantage of the provisions of MCL 450.1841a or MCL 450.1842a, and the existence of plaintiff's claim.

As an initial matter, plaintiff argues defendants' dissolutions are somehow ineffective under MCL 450.1806. This section of the Business Corporation Act is extremely narrow, only addressing certificates of dissolution received by the administrator during a nine-day period in June 2003. MCL 450.1806(1)(b). It has no application here, because defendants' certificates of dissolution were completed and filed in December 2019. Under MCL 450.1831(b), defendants were dissolved on the date of filing, December 19, 2019, without any notice requirement.

The remaining question is, though defendants were dissolved, whether they "cease[d] to exist for all purposes," and lost their "power to sue and be sued," before plaintiff filed his complaint on July 20, 2021. *Flint Cold Storage,* 285 Mich App at 498. Plaintiff raises MCL 450.1841a and MCL 450.1842a to assert defendants retained the power to be sued, contending defendants' failure to provide notice of dissolution prevented the operation of the ligation bar provided under those statutory sections. MCL 450.1841a and MCL 450.1842a are voluntary methods dissolving corporations may use to limit the period during which they are susceptible to litigation. Providing notice by either method is not mandatory, and, in general, failure to provide notice of dissolution

under these statutes does not prevent the winding up of affairs, which terminates a corporation's existence for all purposes under *Flint Cold Storage*.[1]

Plaintiff states he did not receive notice of the dissolution until after he filed his complaint. Defendants concede they did not provide notice under either statutory section, but instead claim they cannot be sued after January 22, 2020, the date by which they claim they wound up their affairs, citing *Flint Cold Storage*.

MCL 450.1833 defines the interim state between dissolution and termination of corporate existence, the "winding up" phase when the corporation still exists and maintains its ability to sue and be sued. MCL 450.1834(e). MCL 450.1833(c) states the winding up of a corporation's affairs includes "[p]aying its debts and other liabilities." While defendants point out "[a] debt is that which one person is bound to pay another . . . ; something which may be the subject of a suit as a debt, and not something to which the party may be entitled as damages in consequence of a failure to perform a duty," *Soberg v Sanders*, 243 Mich 429, 432; 220 NW 781 (1928), the statute unambiguously includes paying liabilities other than debts in the winding up period, MCL 450.1833(c).

Was plaintiff's claim an existing liability of defendants at the time of dissolution, which must necessarily be wound up before defendants ceased to exist for all purposes? This is precisely the question plaintiff raises in his complaint. Importantly, in a personal injury action, "the claim accrues at the time the wrong upon which the claim is based was done regardless of the time when damage results." MCL 600.5827. Further, our Supreme Court has found the term "wrong," as used in this statute, specifies the date on which the defendant's breach harmed the plaintiff. *Connelly v Paul Ruddy's Equipment Repair & Service Co*, 388 Mich 146, 151; 200 NW2d 70 (1972). Conversely, contingent claims are unripe claims, which rest on future events, before an actual injury is sustained. *King v Mich State Police Dep't*, 303 Mich App 162, 188; 841 NW2d 914 (2013); *Citizens Protecting Michigan's Constitution v Secretary of State*, 280 Mich App 273, 282; 761 NW2d 210 (2008).

Defendants confuse the idea of a contingent claim with the fact that *if* defendants were liable for plaintiff's damages resulting from his fall because of negligence as the premises possessor, they were liable when the fall occurred. In this scenario, defendants would be incapable of winding up their affairs without resolving this liability, under MCL 450.1833(c), or having it be removed by the expiration of the three-year statute of limitations. This does not rest plaintiff's claims on "future events," it only requires a legal determination. A determination of this liability is exactly what plaintiff was seeking, and if a question of fact exists regarding the premises liability

---

[1] Though plaintiff cites *Freeman v Hi Temp Prods, Inc*, 229 Mich App 92; 580 NW2d 918 (1998), for the proposition a certificate of dissolution is only effective if the corporation provided notice under MCL 450.1841a and MCL 450.1842a, this is inaccurate. That case only indicates that in order to take advantage of the time limits for bringing a claim under MCL 450.1841a and MCL 450.1842a, a corporation must provide notice in some form after the effective date of dissolution. *Id*. at 98.

claim, questions of fact necessarily remain regarding whether defendants had "cease[d] to exist for all purposes." *Flint Cold Storage,* 285 Mich App at 498.

These facts are crucially different from *Flint Cold Storage*, because here the potential liability was very likely known to defendants at the time of dissolution and during the winding up period. This was only 18 months after the fall, which plaintiff reported to a Plum Hollow Lanes employee, and which brought an ambulance to the premises. This contrasts with the 32-year gap between the dissolution and the discovery of an unknown asset in *Flint Cold Storage*. *Flint Cold Storage*, 285 Mich App at 486-487.

What then of the application of MCL 450.1841a and 1842a to the facts at hand? Defendant is correct that a dissolved corporation's use of these statutory provisions is entirely optional. Plaintiff's assertion to the contrary is incorrect. A dissolved corporation "may" notify either its "existing" claimants, MCL 450.1841a, or any claimant (existing or not), MCL 450.1842a, of its dissolution. If the dissolved corporation chooses to exercise either or both of these options, then under section 841a its existing claimants, once given direct written notice as set forth in the statute, shall have not less than 6 months in which to submit their claims to the defendant, lest they be barred. MCL 450.1841a(1)(c). Under section 842a, the dissolved corporation may publish notice of its dissolution in a general circulation newspaper. To be effective, this notice must state that unless a claim is "commenced" within 1 year of the publication date of the newspaper notice, the claim will be barred. MCL 450.1842a(2)(b).

The parties devote considerable space in their briefs addressing whether plaintiff's claim was "existing" or "known" to defendants at the time of dissolution. This question is immaterial to the present analysis, as defendants did not avail themselves of either notice option. It is clear, however, that the provisions of section 841a apply to an existing or known claim, and that section 842a applies to claims either not "existing" or not known to a corporation at the time of its dissolution. These sections afford a dissolving corporation the ability, in the course of winding up its affairs, to cut off its liability for any and all claims that either have arisen (i.e., "existing claims") or that may arise in the future but are not yet known to the corporation. By implication, the failure of a dissolving corporation to avail itself of either of these options leaves it with the possibility that claims can be brought against it beyond the 6-month and 1-year periods provided under the respective statutory sections. That is precisely what happened here, and defendants must now live with the consequence of their decision not to avail themselves of the shortened timeframes for bringing suit that the Act provides. Because plaintiff's claim against defendants was not contingent, and defendants did not act to cut off plaintiff's claim, or any other potential claim for that matter, in either of the manners provided under the statute, defendants could not in fact have wound up their affairs in January of 2020. Plaintiff's suit, having been brought within the 3-year statute of limitations, is therefore viable.

Here, the trial court erred in granting summary disposition on the basis of corporate dissolution when a potential liability, whether known to defendants at the time of their dissolution or not, existed at the time defendants claim to have wound up their affairs. Because summary disposition was improper on this basis, we do not need to address plaintiff's argument for equitable estoppel.

## IV.  CONCLUSION

The trial court erred in granting summary disposition on the basis of corporate dissolution because there remained a question of fact whether defendants wound up their affairs before plaintiff brought his claim, which existed before defendants' dissolution.  We therefore reverse and remand.

/s/ Michael F. Gadola
/s/ Christopher M. Murray
/s/ Christopher P. Yates